JOSEPH W. DOTY, RESPONDENT, v. GEORGE M. BAKER AND EMMA BAKER, APPELLANTS.

*Release of dower — promise of husband to pay his wife therefor — validity of — rights of creditors.*

Although a release by a wife of her inchoate right of dower in the lands of her husband is a good consideration for his paying, or his promising to pay to her a part of the purchase-money, yet as against the creditors of the husband, whose debts exist at the time of the conveyance, he being then insolvent, she will not be permitted to take or retain more than the actual value of such inchoate right of dower, as ascertained by the rule laid down in *Jackson* v. *Edwards* (7 Paige, 408).

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

The action was brought to obtain a decree of this court adjudging that the defendant Emma Baker held certain lands described in

the complaint in trust for the plaintiff as a judgment creditor of the defendant George, and that the conveyance thereof to her was void as against the plaintiff. The referee found that after the plaintiff recovered his judgment against the defendant George, amounting to upwards of $500, the said defendant George, who was then insolvent, conveyed a store and lot in the city of Buffalo, owned by him in fee, to one Loegler, for the consideration of $14,000; that said defendant Emma, who is the wife of the defendant George, joined in the conveyance; that the defendant George caused the purchaser to execute a mortgage on said premises to the defendant Emma, to secure the sum of $4,000, part of the purchase-money; and that the defendant Emma, with a part of the avails of said mortgage, purchased the lands in question, and took a deed therefor, in her own name; that there was no consideration for the making of said mortgage to the defendant Emma, except her signing the deed to Loegler and thereby releasing her inchoate right of dower; that she was then thirty years old and her husband forty-two, and that the premises were incumbered to the amount of $7,000 by mortgages, in which she had joined; that the fact of her husband's insolvency was known by the defendant Emma at the time of the transaction, and that the defendant George caused said mortgage to be made to his wife, and the premises in question to be conveyed to her, to hinder, delay or defraud his creditors. The referee reported in favor of the plaintiff, and a judgment was entered accordingly, declaring the plaintiff's judgments to be specific liens on the premises in question, and ordering that the premises be sold and conveyed by a referee, and that out of the avails the referee pay the plaintiff's judgments and costs, and that he retain the surplus, if any, till the further order of the court.

*E. L. Parker*, for the appellants.

*A. K. Potter*, for the respondent.

SMITH, J.:

The facts found by the referee are warranted by the evidence. As he has not found that Mrs. Baker participated in, or was cognizant of, the fraudulent design of her husband, or that she intended

a fraud upon his creditors, the mortgage executed to her is not wholly void as against the creditors of her husband, provided she received it for a good and valuable consideration. If the mortgage was merely a voluntary gift to her, it is void as against creditors, although she acted in good faith, her husband being insolvent at the time, to her knowledge, and intending a fraud. The only consideration was Mrs. Baker's release of her inchoate right of dower. Is she to be regarded as a mortgagee or purchaser for value? It has sometimes been said that while the husband lives the wife has no right, interest or estate in the land. Thus, in *Reynolds* v. *Reynolds* (24 Wend., 193), it was held that previous to the death of the husband the wife had no right, etc., in the lands of her husband, which could be forfeited by her adultery. In *Moore* v. *The Mayor, etc.* (4 Seld., 110), it was said that the inchoate right of dower exists not as a part of the marriage contract, but as a positive institution of law incident to the marriage relation, and that the estate of a widow, after assignment of dower, is a continuation of the estate of her husband; a part of the fee he held while living, and it was held that the inchoate right of the wife to dower was divested by proceedings taken in the lifetime of her husband to appropriate the land to a public use, on making compensation to the owner of the fee. (See, also, *Dibble* v. *Clapp*, 31 How. Pr. R., 420.)

But in *Simar* v. *Canaday* (53 N. Y., 298), the rule laid down in *Moore* v. *The Mayor* (*supra*) was limited. It was there said that, as between a wife and any other than the State or its delegates or agents exercising the rights of eminent domain, her inchoate right of dower in the lands of her husband is a subsisting and valuable interest, to protect and preserve which she has a right of action, and it was held that where a husband and wife joined in a conveyance of lands of the former, the sale being induced by fraud on the part of the grantee, the wife had a cause of action against him for damages sustained in the loss of her inchoate right of dower, and she and her husband could join in one action. It has, also, been held that a release by a wife of her inchoate right of dower, by joining with her husband in a conveyance of the land, is a good consideration for his promise to set apart a portion of the purchase-money to her separate use, and equity will compel the husband to perform the agreement (*Garlick* v. *Strong*, 3 Paige, 440 ; *Foster*

v. *Foster*, 12 S. C. R. [5 Hun], 557); and where a promissory note was given by the husband to the wife in consideration of her release of her inchoate right of dower by joining with him in a deed, it was held valid. (*Brooks* v. *Weaver*, 3 Alb. Law J., 283.)

In the present case, Mrs. Baker joined with her husband in the deed, in consideration of the mortgage executed to secure to her a part of the purchase-money. Upon the findings of the referee, it is to be assumed that in doing so she acted in good faith. Her knowledge of her husband's insolvency, found by the referee, is not necessarily inconsistent with the rectitude of her intention, for she testifies that she supposed the arrangement would facilitate the payment of her husband's debts. The mortgage to her, therefore, is not to be regarded as a purely voluntary conveyance. (*Quarles* v. *Lacy*, 4 Mumf., 251.)

But although a release by a wife of her inchoate right of dower in the lands of her husband is a good consideration for his payment, or his promise to pay, to her, a part of the purchase-money, yet, as against the creditors of the husband, whose debts existed at the time (he being insolvent), she will not be permitted to take or retain more than the value of the consideration. (*Shepard* v. *Shepard*, 7 Johns. Ch. R., 57, per KENT, Ch., p. 62; *Garlick* v. *Strong*, *supra*, per WALWORTH, Ch., p. 452; and see *Wickes* v. *Clarke*, 8 Pai., 161.)

The rule for computing the present value of a wife's inchoate right of dower, during the life of her husband, is given by Chancellor WALWORTH in *Jackson* v. *Edwards* (7 Paige, 408). It is to ascertain the present value of an annuity for her life equal to the interest in the third of the proceeds of the estate to which her contingent right of dower attaches, and then to deduct from the present value of the annuity for her life the value of a similar annuity, depending upon the joint lives of herself and her husband, and the difference between those two sums will be the value of her contingent right of dower. The annuity tables furnish the means of making the computation. (McKean's P. L. Tables, 23, § 4; Hendry's Ann. Tables, 87, Prob. 4.) The value of the estate to which the contingent right of dower of Mrs. Baker attaches is $7,000, being the value of the store and lot, less the amount of the mortgages thereon, which she executed with her husband. To the value of her inchoate right of dower, at the date of the deed to Loegler,

should be added interest thereon from that date. The sum representing such value belongs, presently and absolutely, to Mrs. Baker. (*Bartlett* v. *Van Zandt,* 4 Sandf. Ch. [m. p.], 396.) The decree should be modified by directing a reference to ascertain and report the value of Mrs. Baker's inchoate right of dower, upon the principles above stated, and by requiring that a sum equal to such value, and the interest on it, be first paid her out of the avails of the sale. And as the suit is not brought for the benefit of other creditors than the plaintiff, the decree should also provide that if any surplus shall remain after paying the plaintiff's judgments and costs, it shall be paid to the defendant Mrs. Baker.

And, in order to render the sale effectual, the decree should also require both defendants to join in the conveyance to be executed by the referee.

The decree should be modified as above directed, and, as modified, affirmed, with costs of this appeal to the respondent against the appellant George M. Baker, alone.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Decree modified, as directed in the opinion, and, as modified, affirmed, with ten dollars costs of appeal and disbursements to the respondent, to be paid by the appellant George M. Baker. Order to be settled before Mr. Justice SMITH.