THE SYRACUSE CHILLED PLOW COMPANY, APPEL-LANT, *v.* GEORGE E. WING AND CAROLINE WING, RESPONDENTS. •

*Post-nuptial agreement between husband and wife — transfer from husband to wife — what consideration is sufficient to support it.*

In 1844 the defendant Caroline Wing received from her father's estate $1,666, $1,366 of which was received by her husband, and was by him used in buying a farm. Thereafter the husband, at various times, conceded that the money belonged to his wife, and promised to pay it to her. In April, 1878, a computation was made, by which it appeared that there was then due to the wife $4,611.32, for which amount the husband gave to a third party his bond secured by a mortgage on the farm, with the understanding that they should be, as in fact they were, assigned to the wife. The farm was then subject to a

mortgage for $1,400, with interest thereon, from May 1, 1866, which was then owned by the wife ; to a further mortgage for $2,200, and interest from December 10, 1877, and to the wife's inchoate right of dower.   In September, 1878, the husband conveyed the farm, through a third party, to his wife (subject to the $2,200 mortgage), in payment of the two mortgages then owned by her. The farm was worth about $5,700.

In an action by a judgment-creditor of the husband to set aside the transfer to the wife as fraudulent as against him, *held*, that as it appeared that the conveyance was made for a full consideration, and as no fraudulent intent was proved, the action could not be maintained.

APPEAL from a judgment in favor of the defendants, entered upon the trial of this action by the court without a jury.

The action was brought by the plaintiff, a judgment-creditor of the defendant George E. Wing, to set aside as fraudulent a conveyance made by him to his wife.

The court below found that on the 1st day of May, 1844, the defendant, Caroline Wing, became entitled to the sum of $1,666 from the estate of her father; that her husband, George E. Wing, received $1,366 of the said money and applied the same to the purchase of a farm to which he then took the title in his own name; that from time to time thereafter the said money was spoken of by and between the defendants as money belonging to said Caroline Wing, and said George E. Wing, prior to any liability to the plaintiff or its predecessor in interest, had promised the said Caroline to execute to her a paper to show for said money; that no paper was executed until on the 8th day of April, 1878, when said George E. Wing executed and delivered to one Alexander McGeorge a mortgage upon the premises described in the complaint, as collateral security to his bond of the same date to said McGeorge, both being conditioned for the payment of the sum of $4,611.32, with interest on demand, said sum being the amount of said $1,366, with interest from May 1, 1844, said bond and mortgage being executed and delivered under an agreement with said McGeorge that he would, and he immediately did, assign the same to said Caroline Wing on account of and as security for the payment of the said sum of $1,366, with interest as aforesaid ; that on the 4th day of May, 1866, the said Caroline had purchased, with money belonging to her, a mortgage for $1,400 against the said farm, which had been given to one Mary D. Griffin in 1860 ; that on the 10th day of December, 1877, a

mortgage upon the premises described in the complaint, securing the payment of the sum of $2,200, with interest, was given to one John Wing; that said Caroline Wing continued the owner and holder of the said two mortgages, with interest on the first from April 8, 1878, and on the other from May 1, 1866, at six per cent per annum, until the 24th day of September, 1878, at which latter date the husband conveyed the farm to her, through a third person, subject to the $2,200 mortgage, and in payment of the two mortgages then owned by her; that the market value of said premises, at the time of such conveyance, was the sum of $5,700; that the said conveyance to the said Caroline Wing was fairly and honestly made, and without any intent to cheat or defraud the creditors of George E. Wing.

The plaintiff's judgment was recovered on September 24, 1878, in an action commenced December 1, 1877, for an indebtedness contracted in January, 1877.

*Charles B. Sedgwick*, for the appellant.

*O. D. M. Baker*, for the respondents.

GILBERT, J. :

This suit was brought to set aside a conveyance to the defendant, Caroline Wing, of a farm in Clinton, Dutchess county, and to have such farm declared subject to the lien of a judgment recovered against her husband, George E. Wing and others, upon a joint liability. In the spring of 1878 the farm in question was subject to two mortgages : one made to Mary D. Griffin and then owned by Mrs. Wing, dated May 3, 1860, upon which there was then due $1,400 principal, with interest from May 1, 1866, at six per cent ; the other to John Wing for $2,200 and interest, dated December 10, 1877. The premises were also subject to the inchoate right of dower of Mrs. Wing.

Post-nuptial agreements between husband and wife, though void in law, will be upheld in equity if made *bona fide*, and upon good consideration. An additional portion brought by the wife after marriage is a sufficient consideration both against creditors and purchasers. If the husband has received a fair

and reasonable consideration for the thing settled that repels the presumption of fraud. So the relinquishment of the wife's dower will be deemed a sufficient consideration. (2 Kent's Com., 163; *Shepard* v. *Shepard*, 7 Johns. Ch. R., 59; *Wickes* v. *Clarke*, 8 Paige, 165; *Babcock* v. *Eckler*, 24 N. Y., 623; *Hunt* v. *Johnson*, 44 id., 27; *Woodworth* v. *Sweet*, 51 id., 8; *Jaycox* v. *Caldwell*, id., 395; *McCartney* v. *Welch*, id., 626.)

In the case before us it appears that Mrs. Wing received in May, 1844, as her share of her father's estate $1,666, all but $300 of which was appropriated to the purchase of a farm. The husband made the purchase and the farm was conveyed to him. Mrs. Wing testified that her father's estate was settled on May 1, 1844; that she was then a minor, and that from that time there were conversations between her husband and herself with reference to that money, to the effect that the money was hers and that she should have it. Mr. Wing, who was called by the plaintiff as a witness, testified on his direct examination that he had given to Mrs. Wing a note for the money aforesaid, and that he had paid the note by giving her a mortgage. That mortgage was given in April, 1878, pending the suit in which the judgment against Mr. Wing and his partners was recovered, for the purpose of securing the payment of the sum of $1,366, the part of Mrs. Wing's share of her father's estate before referred to and the interest thereon.

It was proved, and the court below found, that the value of the premises conveyed to Mrs. Wing was $5,700. The conveyance to her was subject to said mortgage of John Wing for $2,200. It is apparent, therefore, that such conveyance cannot be impeached on the ground of an excess in value of the premises conveyed over the amount of the demands of Mrs. Wing. Were such demands fair and just or only colorable? The trial judge found that the conveyance was made upon a full and fair consideration. He did not find, nor was he requested to find, that it was made with a fraudulent intent.

We think the evidence is quite sufficient to sustain the finding in favor of the validity of the conveyance. In any point of view it is supported by the strong moral obligation which rests upon a husband to provide for his wife, and the evidence fairly consid-

ered justifies the belief that Mr. Wing received his wife's patrimony, not in the assertion of his marital rights, but to hold the same for the benefit of his wife. Creditors may have been misled by his apparent ownership, but no more so than if Mrs. Wing had held an unrecorded mortgage or agreement to convey. Nor did the lapse of time bar her claim, for that might be and was waived by her husband.

Upon the whole, we think the judgment should be affirmed, with costs.

PRATT, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.