DOROTHEA RAWSON, Respondent, *v.* THE PENNSYLVANIA RAILROAD COMPANY, Appellant.

Under the provisions of the act of 1860, concerning the rights and liabilities of husband and wife (Laws of 1860, chap.40), as amended in 1862 (Laws of 1862, chap. 172), the paraphernalia of a wife, given her by her husband, which prior to those statutes was her separate estate in equity, became clothed with all the incidents of a legal estate; and, for an injury to or conversion thereof, she is the proper person to bring suit.

The liability of a railroad company for the safe carriage of a passenger's baggage is not limited by a notice, printed upon the face of the ticket issued by it, stating the terms upon which baggage will be carried.

If, however, the passenger's attention is called to it when purchasing his ticket, or if he knew of it when he purchased, the law will presume, in the absence of any objection upon his part, that he assented to the terms. The contract is made, and rights and duties of the parties are determined, when the ticket is purchased. A discovery by the passenger of the notice after he has entered upon his journey does not affect his rights.

(Argued September 23, 1871; decided January term, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial district, affirming a judgment entered upon a verdict in favor of plaintiff.

The action was brought to recover the alleged valúe of two trunks containing clothing and jewelry to the amount of $3,847, and lost on the railroad of the defendants in September, 1864.

The plaintiff was returning from Massillon, Ohio, to New York, and bought at Massillon a through ticket to New York, which contained the following notice on its face:

" This ticket entitles the holder to not over 80 lbs. baggage free, and not at rate exceeding in value 100 dollars, unless notice is given, and an extra amount paid, at double first-class freight rates. No road represented by either of these tickets is responsible for the passenger or baggage while upon any other road.

(Signed)    " H. R. PAYSON,
" *General Passenger Agent.*"

The trunks were then checked at Massillon to Pittsburgh as baggage; at Pittsburgh they were checked to New York. Nothing was paid for extra baggage.

Near Thomaston, on the Pennsylvania railroad, and between the points from and to which the trunks were to be conveyed on said road, an accident occurred, and the trunks were burned or destroyed.

The greater part of the property was received by the plaintiff from her husband; she received, however, over $1,000 worth of it from her son.

The jury returned a verdict for the full value of the property destroyed.

*A. J. Vanderpoel* for appellant. A common carrier may, by contract, qualify, restrict or limit his liability. (*Macrow* v. *Great Western R. R.*, Law Reports, 6 Q. B., 618; *P. & O. St. Nav. Co.* v. *Shaw*, 11 Jurist, N. S., 771, Privy Council; GRAY, J., 245, in *Squire* v. *N. Y. Cent. R. R.*, 98 Mass., 239; *Wells* v. *N. Y. Cent. R. R. Co.*, 24 N. Y., 183; *Perkins* v. *N. Y. Cent. R. R. Co.*, 24 N. Y., 196; *Russell* v. *N. Y. Cent. R. R. Co.*, 25 N. Y., 442; *Merrill* v. *Grinnell*, 30 N. Y., 594; *Price* v. *Hartshorne*, 44 Barb., 666; *De Rute* v. *N. Y.*, etc., *Tel. Co.*, 30 How. Pr. R., 404; *Weed* v. *Saratoga & S. R. R. Co.*, 19 Wend., 534; *Wolf* v. *Western Union Tel.*, 62 Penn. St., 83; Story on Bailments, §§ 549 and 554 and note.) The ticket in this case contained a contract between the parties. (*Stewart* v. *L. & N. W. R.*, 10 Jurist [N. S.], 806; *Grace* v. *Adams*, 10 Mass., 131.) The article of baggage not paid for was transported at risk of plaintiff, and she must prove loss was caused by the willful act of defendant. (Edwards on Bailment, §§ 47, 436, 568–9; *Wells* v. *N. Y. Cent. R. R. Co.*, 24 N. Y., 183; *Field* v. *N. Y. Cent. R. R. Co.*, 32 N. Y., 339, 350.) All baggage beyond a reasonable amount, or beyond what is necessary, of which the carrier is not aware, and for the conveyance of which he receives nothing, is at the risk of the passenger, and the carrier is not liable. (*Orange County Bank* v. *Brown*,

9 Wend., 85; *Pardee v. Drew*, 25 Wend., 459; *Van Wyck v. Howard*, 12 How. Pr., 148; Fowler v. *Dorlan*, 24 Barb., 384; *Richards* v. *Westcott*, 3 Bosw., 589; *Gibbon & Paynton*, 4 Burr, 2798; *Batson* v. *Donovan*, 4 Barn. & Ald., 21; 6 E. C. L., 331; *North R. W. Co.* v. *Shepherd*, 14 E. L. & E., 367; 2 Kent Com., 603; *Wilkins* v. *Earle*, 19 Abb. Pr., 190; Angel on Carriers, § 279; *Hawkins* v. *Hoffman*, 6 Hill, 586; *Grant* v. *Newton*, 1 E. D. Smith, 9; *Nordmeyer* v. *Loescher*, 1 Hilt., 499; *Glasco* v. *N. Y. Cent. R. R.*, 36 Barb., 557; *Merrill* v. *Grinnell*, 30 N. Y., 594.) At common law the paraphernalia of the wife belongs to and may be disposed of by the husband. (2 Kent. Com., 143; Williams on P. E., 293.) As the contract was made in Pennsylvania, this incapacity is presumed to prevail there, and will prevent recovery. (Story's Con. of Laws, ch. 4, § 103, ch. 8, § 280.) Plaintiff, under our statutes, could not take by gift from her husband. (Act of 1849, 3 R. S., 240, § 77; Laws of N. Y., 1860, ch. 90, p. 157, § 1; Laws of 1812, ch. 172, p. 143, §§ 7, 8; *Glasco* v. *N. Y. Cent. R. R. Co.*, 36 Barb., 557.)

*D. M. Porter* for respondent. The property was plaintiff's separate property, and she could maintain action. (Laws of 1862, p. 363; *Wallingford* v. *Allen*, 10 Peters, U. S. S. C. R., 594.) The law of Pennsylvania, in the absence of allegation and proof, is presumed to be the same as our own. (*Walker* v. *Maxwell*, 1 Mass., 103; *Collett* v. *Kirth*, 2 East, 261; *Monroe* v. *Douglass*, 1 Selden, 447.) The action is upon an express contract, therefore the husband could not have recovered. (*Weed* v. *Saratoga R. R. Co.*, 19 Wend., 534.) If defendant was guilty of gross negligence, it was liable, even if notice prevented recovery, for ordinary neglect. (*Brook* v. *Pickwick*, 4 Bing., 218, 404; *Wells* v. *S. N. Co.*, 4 Seld., 375; 24 N. Y., 232.) Plaintiff was entitled to carry articles for her instruction, pleasure, convenience or amusement. (*Dexter* v. *Syracuse, B. & N. Y. R. R. Co.*, 42 N. Y., 326; *Merrill* v. *Grinnell*,

30 N. Y., 594; *Hawkins* v. *Hoffman*, 6 Hill, 586, 590; *Davis* v. *Cayuga, etc., R. R. Co.*, 10 How. Pr., 330; *Van Horn* v. *Kermit*, 4 E. D. Smith, 453; 1 id., 100; *Cole* v. *Goodwin*, 19 Wend., 251.) A ticket is not a contract, but merely evidence that the passenger has paid his fare. (*Quimby* v. *Vanderbilt*, 17 N. Y., 306; *Nevins* v. *Bay State Steamboat Co.*, 4 Bosw., 234.) A common carrier cannot limit his liability by notice, even if it be brought to the knowledge of the owner. (*Dorr* v. *The New Jersey Steam Navigation Co.*, 1 Kern., 485; *Hollister* v. *Nowlen*, 19 Wend., 234; *Cole* v. *Goodwin*, id., 251; *Camden Co.* v. *Belknap*, 21 Wend., 354; *Clark* v. *Faxton*, id., 153; *Alexander* v. *Greene*, 3 Hill, 9; 7 id., 533; *Powell* v. *Myers*, 26 Wend., 594; *Bissels* v. *N. Y. C. R. R.*, 25 N. Y., 442, 445; *Nevins* v. *B. S. Steamboat Co.*, 4 Bosw., 234.)

EARL, C. The first question to be considered is, whether the property destroyed belonged to the plaintiff in such a sense that she can maintain this action. It consisted of her wearing apparel and personal ornaments, and constituted her paraphernalia. A portion of them was given to her by her husband, and as to such portion it is claimed she had no such property as will sustain a recovery in her name. At common law the wife's paraphernalia during coverture ordinarily belonged to the husband, and he could dispose of them; but he could not dispose of them by will; and if the wife survived him, she could claim them against all persons, except the husband's creditors. And this common-law rule is substantially embodied in our statutes, except that the wife's paraphernalia are secured to her even as against creditors. (2 R. S., 84, §§ 9 and 10; 1 Williams on Executors, 644; Willard's Executors, 251; Reeves' Domestic Relations, 37.)

For an injury to or conversion of the wife's paraphernalia during coverture, the husband was, at common law, the proper party to sue, and this rule has not been changed by our statutes, except so far as the wife can, in any case, claim the paraphernalia as her separate property.

This property was given to the wife by her husband and her son. As to so much as was given to her by her son, no question is made; but it is claimed that the gift from her husband to her was invalid, and hence that the property remained his. Prior to the recent legislation in this State in reference to the rights of married women, gifts of personal property from husband to wife would be upheld in equity, though void at common law, and such gifts could be impeached only by creditors. (*Graham* v. *Londonderry*, 3 Atk., 393; *Deming* v. *Williams*, 26 Conn., 226; *Borst* v. *Spelman*, 4 N. Y., 284; *Neufville* v. *Thomson*, 3 Edw. Ch., 92; *Mews* v. *Mews*, 21 Eng. L. and Eq., 556; Reeves' Dom. Rel., 3d ed., 170, note 1.) In equity the property given would be treated as the wife's separate estate, and she would be protected in its enjoyment and possession, even against the interference of her husband. This estate, under the statutes of 1848, 1849, 1860 and 1862, in reference to the property of married women, if not absolutely converted into a legal estate, is clothed with all the incidents of a legal estate, and she is the proper person to sue and to be sued in reference thereto. Hence I cannot doubt that this action was properly brought in the name of the plaintiff.

The only other question to be considered is, whether the matter printed upon the face of the railroad ticket, bought by the plaintiff at Massillon, limited the liability of the defendant; and that it did not, is now too well settled to admit of dispute. (*Blossom* v. *Dodd*, 43 N. Y., 264.) The words thus printed do not purport to embody the contract between the parties. They are a mere notice as to the terms upon which a passenger's baggage will be carried, and are entitled to no more force because they are printed upon the face of the ticket than if they had been printed on the back of the ticket, or on a separate piece of paper posted up at the ticket office; and hence this case is clearly within the rule that a carrier cannot limit his liability by notice, but can do so only by express contract.

It must, however, be admitted that if the railroad agent had called plaintiff's attention to this language, when he sold the

ticket and took her money, or if it had been shown that she knew of this language when she paid her money and took the ticket, the law would presume, in the absence of objection on her part, that she assented to the terms therein expressed.    But here she testified that she did not read this language, and there is no proof that she received the ticket under such circumstances that the law will presume that she must have known and understood the language, and assented to the terms.    It would be unreasonable to presume that a passenger, when he buys a railroad ticket at a ticket office, stops to read the language printed upon it, and it would be equally unreasonable to hold that a passenger must take notice that the language upon his ticket contains any contract, or in any way limits the carrier's common-law liability.

A ticket does not generally contain any contract, and is not intended to.    It is a mere token or voucher adopted for convenience to show that the passenger has paid his fare from one place to another.

The contract between these parties was made when the plaintiff bought her ticket, and the rights and duties of the parties were then determined.    Hence, even if the plaintiff had read what appears upon her ticket after she had entered upon her journey, it would have made no difference with her rights.    She was not then obliged to submit to a contract which she never made, or leave the train and demand her baggage.

I have, therefore, reached the conclusion that the judgment should be affirmed with costs.

All concur ; LEONARD, C., not sitting.

Judgment affirmed.