## Case No. 13,328.

### The STATE OF NEW YORK.

[7 Ben. 450.] [1]

District Court, S. D. New York.    Sept., 1874.

PASSENGER'S BAGGAGE — MARRIED WOMAN — PARTIES.

1. A married woman shipped on board of a steamboat a trunk, containing wearing apparel, given her by her husband to be carried from New York to Essex, Conn. The steamboat was delayed, and reached Essex at Sunday noon, where the trunk was placed in a warehouse by the hands of the boat. It remained there till next day, when it was taken by a carman, who noticed and remarked upon its extreme lightness. Its condition was then the same as when landed from the boat, and the warehouse had been securely locked, and did not appear to have been disturbed. When the trunk was received by the owner, the contents had been abstracted, and she filed a libel against the steamboat to recover the damages. *Held*, that the action was properly brought in her name, instead of in that of her husband.

2. On the evidence, the articles were abstracted while the trunk was on the boat, and the libellant was entitled to a decree.

In admiralty.

H. T. Wing, for libellant.

R. H. Huntley, for claimant.

BENEDICT, District Judge. This is an action in rem, brought by Mrs. Hattie A. Gallagher a married woman, to recover the value of certain articles of her wearing apparel, which, as she avers, were abstracted from her trunk, while the same was being transported in the steamer State of New York from the port of New York to the port of Essex, Conn.

The main ground of defence is, as to the right of the libellant to maintain the action, the claimants contending that the property in question was paraphernalia of the wife, and as such belonged to her husband, who alone can maintain an action for its loss. I incline to the opinion that this ground of defence is not sufficient. The clothing in question was the wearing apparel of the libellant, given her by her husband, in her possession and shipped by her on board the vessel here proceeded against, to be transported for her from New York to Essex, and there to be delivered to her. In equity the paraphernalia of the wife is treated as the wife's separate estate, and a court of equity will protect the wife in its enjoyment and possession. See In re Grant [Case No. 5,693]; Rawson v. Pennsylvania R. Co., 48 N. Y. 212. A court of admiralty is a court of equity, and upon equitable grounds may sustain an action like the present. The objection to an action by a seaman, being a

minor, was overruled by Judge Betts, it appearing that the minor was accustomed to receive his own earnings. Wicks v. Ellis [Case No. 17,614], Betts, J., Jan., 1849.

Furthermore the right of a married woman to maintain an action at law against a carrier for the loss of paraphernalia, has been maintained in the court of last resort of this state, upon the ground that by the statutes of this state, the estate of a married woman in property given her by her husband, is clothed with all the incidents of a legal estate. Rawson v. Pennsylvania R. Co., 48 N. Y. 216.

My determination therefore is that the action is rightly brought in the name of the libellant. Upon the merits, the evidence is clear to show that the articles sued for were in the trunk when it was delivered on board the steamer, and were abstracted therefrom. The steamer was delayed beyond her usual time, and did not reach Essex until about noon on a Sunday, when the trunk was placed in a storehouse on the wharf by the hands of the boat, whence it was taken by the carman of libellant on Monday morning. There is no positive evidence when the articles sued for were removed from the trunk. There is evidence, that the lightness of the trunk attracted the attention of the carman who received it from the storehouse, and was remarked on by him when he took it. There is also testimony to the effect that the condition of the trunk was then the same as when it was landed from the boat. The testimony is positive that the storehouse was securely locked, and its contents to all appearance undisturbed, while the trunk was there. These facts, the force of which is not materially weakened by the evidence for the steamboat, warrant the inference that the trunk was deprived of this part of its contents while on board the boat. There must accordingly be a decree for the libellant with an order of reference.