## Mack v. Mack.

*Gift — inter vivos — what constitutes — by husband to wife — delivery.*

When one who had children by a former marriage, married his second wife, he divided nearly all his property between his children. He some years after announced his intention to give his wife and his child by her what he had acquired subsequent to the second marriage. Seven years before his death he handed certain notes and mortgages to his wife saying, "there take them and take care of them, they are for you and Libby" (the child). She took them and put them away, and after that retained control of them, though the interest on the securities was sometimes paid to the husband. After the gift the husband frequently told his neighbors that he had given his property to his wife and daughter. *Held*, sufficient to establish a gift *inter vivos*.

Equity has always sustained gifts by husband to wife when the claims of creditors did not intervene, and the rule of the common law, holding such gifts invalid, no longer prevails in this State.

An objection that a judgment, and mortgages included in the gift, were not assigned in writing, *held*, not well taken.

Appeal by Erastus Mack, heir at law of, and legatee under the last will and testament of Jesse Mack, deceased, from a decree of the surrogate of Sullivan county.

The respondent, Sarah Mack, is the widow of Jesse Mack, and the executrix of his last will and testament. As such executrix she filed an inventory with the surrogate of Sullivan county, in which the assets of the estate were set down at the sum of $153.37. The appellant is an heir at law of the testator, and a legatee under his will. Upon proceedings instituted by the appellant before the sur-

rogate to compel the executrix to file a supplemental inventory, he gave proof tending to show that, in addition to the assests inventoried, the testator, at the time of his death, was the owner of notes, bonds and mortgages of the value of about $4,000, and he asked that these be added to the inventory. The respondent admitted her possession of these securities, but claimed that the testator gave them to her and her daughter in his life-time. The surrogate, upon the evidence, held the gift established, and dismissed the proceedings. Other facts are stated in the opinion.

*A. C. Niven,* for appellant.

*Arthur C. Butts,* for respondent.

LANDON, J. Upon the argument we were inclined to think that this was another scheme to hold a portion of a dead man's estate, based upon the fact that the dead cannot deny what the living assert. But a careful examination of the evidence leads to the conviction that the alleged gift is clearly proved and ought to be sustained. In 1845, the testator, then of the age of fifty-seven, a widower and the father of seven children, married the respondent, then of the age of twenty-three. He was at that time the owner of considerable real estate, and he divided nearly all of it, share and share alike, between his seven children, and began anew with his new wife. By dint of the industry and economy of both a modest competency after the lapse of twenty years was again acquired. A daughter, Elizabeth, was born of the second marriage. The evidence clearly shows that before making the alleged gift the testator had frequently declared that he intended his wife and daughter Elizabeth should have what he had acquired since his second marriage. In 1865, seven years before his death, he took the notes and mortgages in question, handed them to his wife and said, "there take them, and take care of them, they are for you and Libby." His wife then took them and put them away. After that she retained control of them, although the interest upon the securities was sometimes paid to her, and sometimes to the testator. Finally by her direction they were placed by her daughter in the hands of a neighbor for safe-keeping, and they remained in his custody until the testator's death. After the alleged gift the testator frequently said to his friends and neighbors, that he had

given all his property to his wife and daughter, that his children by his first wife were well enough off, that his wife and daughter had helped him make what he had, and he had given it to them.

His will was made twenty-two years before his death. We think the delivery of the property in question was clearly proved, and the intention to make a gift of it, by that delivery, also proved. These facts within the authorities constitute a valid gift *inter vivos*. *Westerlo* v. *Dewit*, 36 N. Y. 340; *Doty* v. *Willson*, 47 id. 583; *Van-Deusen* v. *Rowley*, 8 id. 358; *Bedell* v. *Carll*, 33 id. 581; *Allen* v. *Cowan*, 23 id. 502.

It is objected that the husband cannot make a gift, valid in law, to his wife. Equity has always sustained such gifts, when the claims of creditors were not affected, and when the gifts were clearly proved. *Neufville* v. *Thomson*, 3 Edw. Ch. 92 ; Story's Eq. Juris., § 1375; *Schuttleworth* v. *Winter*, 55 N. Y. 624; *Hunt* v. *Johnson*, 44 id. 27; *Babcock* v. *Eckler*, 24 id. 623; *Phillips* v. *Wooster*, 36 id. 412; *Reed* v. *Reed*, 52 id. 651; *Curtis* v. *Fox*, 47 id. 299. The reason why such gifts have been held invalid in law seems to have been derived from the common-law idea that the husband and wife are one, and that her personal property becomes his by virtue of the marriage relation. So far as property is concerned this rule no longer prevails in this State. The wife now holds her separate estate, and the unity of the husband and wife does not in law create a union of her property with his. The maxim *ratione cessante, lex cessat*, doubtless applies. A man usually bestows his bounty where he places his affections, and public policy does not require that the right to do so should be abridged. There is no good reason why the law should permit a gift to a stranger, and deny it to a wife. It is now undoubtedly the law of our State that a husband may make a valid gift to his wife, the claims of creditors not intervening.

The objection that the judgment and mortgages were not assigned in writing, we think not well taken. *Allerton* v. *Lang*, 10 Bosw. 362; *Bedell* v. *Carll*, 33 N. Y. 581; *Westerlo* v. *De Witt*, 36 id. 340.

The order of the surrogate should be affirmed, with costs.

*Order affirmed.*