STEPHEN P. LANE *vs.* MARY F. S. LANE.

York. Opinion December 15, 1884.

*Husband and wife. Gift. Equity. Divorce.*

A husband conveyed real estate to his wife upon an oral understanding that she was to hold it for their joint benefit. The husband, after a divorce between them, sues the wife for rents accruing from the property before and after the divorce. The remedy, if any, is in equity and not at law.

During coverture the wife was accustomed to draw money on the husband's account from his employer, using it partly in family expenses, and investing the balance in personal securities kept in her possession, without any knowledge by the husband of the details of the transaction. There was no declaration of a gift from husband to wife. In such case an action lies, after divorce, by the husband against the wife for any of his money or chattels remaining in her hands at the date of the divorce or acquired by her since that time,—the same principles applying as between other principals and agents for the recovery of property.

Where a husband or wife sets up a gift of personal property from the other, the burden is upon the claimant to show the intention to give and the execution of such intention by actual delivery, by clear and incontrovertible evidence. The mere possession of the property of the one by the other is not proof of gift. There must be some distinct and expressive act to transfer the property of the one to the other.

ON EXCEPTIONS.

Assumpsit on an account annexed and for money had and received.

The action was referred, and the referee reported (after stating the facts) : " I therefore decide as matter of law, that the plaintiff is entitled to recover nothing in this action, subject, however, to the opinion of the court as to the correctness of the decision aforesaid in law, if the plaintiff desires the ruling of the court thereon."

On application of the plaintiff the court considered the questions of law reported by the referee, and a ruling was made affirming the decision of the referee upon the question of law, and the report was accepted. To this ruling the plaintiff alleged exceptions.

The opinion states the material facts reported by the referee.

*E. P. and W. M. Payson*, for the plaintiff, cited : *Calais* v. *Whidden*, 64 Maine, 249 ; *Sanborn* v. *Paul*, 60 Maine, 325 ; 2 Story's Eq. §§ 1368, 24 ; 2 Bishop, Mar. & Div. § 710 ; *Blake* v. *Blake*, 64 Maine, 182 ; *Abbott* v. *Abbott*, 67 Maine, 304 ; *Hanson* v. *Millett*, 55 Maine, 190 ; *Walter* v. *Hodge*, 2 Swan. 107 ; *Sampson* v. *Alexander*, 66 Maine, 184 ; 42 Md. 70 ; Wilson, 455 ; *Lloyd* v. *Pughe*, L. R. 8 Ch. App. 88 ; *Neufville* v. *Thomson*, 3 Edw. Ch. 92 ; 20 Ohio, 522 ; *Washburn* v. *Hale*, 10 Pick. 433 ; *Kane* v. *Bloodgood*, 7 Johns. Ch. 111 ; *Hunnewell* v. *Lane*, 11 Met. 163 ; *Jackson* v. *Matsdorf*, 11 Johns. 96 ; *Wetlon* v. *Divine*, 20 Barb. 9 ; Perry, Trusts, §§ 2, 6, 137–143, 166 ; Washb. 2d, book II, ch. II, 2, and ch. III, 15 ; *Marshal* v. *Crutwell*, 20 L. R. Eq. 328 ; *McGovern* v. *Knox*, 21 Ohio, 552 ; *Edgerly* v. *id.* 112 Mass. 175 ; *Cormerais* v. *Wesselhoeft*, 114 Mass. 550 ; *Stevens* v. *Stevens*, 70 Maine, 92 ; Smith, Manuel of Eq. § 3113 ; *Dwinel* v. *Veazie*, 36 Maine, 512 ; *Rowell* v. *Freese*, 23 Maine, 184 ; *Brown* v. *Dwelley*, 45 Maine, 53 ; *Tate* v. *Williamson*, L. R. 2 Ch. App. 61 ; Kerr, Fraud & Mis. 150 ; *Proctor* v. *Robinson*, 35 Beaven, 329 ; 2 Wash. 178, § 23 ; *Hoge* v. *Hoge*, 1 Watts, 163 ; *Rhodes* v. *Bate*, L. R. 1 Ch. App. 258.

*Wilbur F. Lunt* and *Willis T. Emmons*, for the defendant, claimed that the relation of the parties negatived any implication of law, of a contract between the husband and wife, from the circumstances disclosed in this case.

In *Hertzog* v. *Hertzog*, 29 Pa. St. 465, the court held that " an implied contract is one arising under circumstances which, in the ordinary course of dealing and the common understanding of men, shows a mutual intention to contract."

Such conditions are utterly wanting in this case, and that the plaintiff cannot recover on this branch of the case is too plain for argument.

Upon the other question in the case counsel cited : *Philbrook* v. *Delano*, 29 Maine, 410 ; *Bassett* v. *Bassett*, 55 Maine, 127 ; *Goodspeed* v. *Fuller*, 46 Maine, 141 ; *Farrar* v. *Smith*, 64 Maine, 74 ; *Ins. Co.* v. *Grant*, 68 Maine, 229 ; *Graves* v. *Graves*, 29 N. H. 129 ; *Walker* v. *Locke*, 5 Cush. 90 ; 12 Mass. 110, 377 ; 2 Cush. 226 ; *Gould* v. *Lynde*, 114 Mass. 366 ; *Edgerly* v. *Edgerly*, 112 Mass. 175 ; *Titcomb* v. *Morrill*, 10 Allen, 15 ; *Cormerais* v. *Wesselhoeft*, 114 Mass. 550.

PETERS, C. J. The parties, formerly husband and wife, were divorced. During coverture he procured to be made to her a conveyance of certain real estate belonging to him, the purpose and object of the transaction being, although not evidenced by any writing, that she should hold the property " for their mutual and joint benefit." The husband, after divorce, sues her for the rents. We do not see how an action at law can be maintained to recover any of the income of the real estate. She has at all events the proprietary interest, even if she and her husband were to be the beneficiaries. Any remedy which the husband has must be in equity, where all the circumstances affecting the condition and situation of the parties may be fully considered. The action for money received, although an equitable action, is not far reaching enough to compass the end.

Whether the defendant should acknowledge a trust, and, if so, whether more than a discretionary trust, and how the trust, if one be declared, shall be executed, taking in view the present

relation of the parties, or, whether anything more than a social or moral obligation be imposed upon the defendant by the facts found by the referee, are novel and interesting questions for equity and not for the law to decide, upon which in this discussion we do not express an opinion.

We are of opinion that the action may be maintained for money in the defendant's hands coming from the plaintiff's personal property. These facts appear : For a long period during coverture, the wife was accustomed to draw money on the husband's account from his employer, using it partly in family expenses, partly for her own expenses, and investing the balance in securities kept in her own possession. The husband knew that the money was so drawn and expended by the wife, but had not kept himself informed as to the extent or details of the transaction. In other words, she has collected and now has some of his personal earnings. They were not given to her. They were merely entrusted to her. What was expended on family account, or for the wife's support, was properly used, as far as we know, but what was unexpended for any such purposes, and is now in her hands, remains his property. In procuring and appropriating the money she acted as his agent. It is none the less his because he trusted her with its collection and management. His earnings are not her property. On the other hand her earnings were his, excepting as otherwise provided by statute. *Sampson* v. *Alexander*, 66 Maine, 182. Of course, the earnings and profits of her property, if she had any of her own, would not come within this remark. If her personal earnings, save wages earned as described in the statute (R. S., c. 61, § 3), would be his, *a fortiori*, would her savings from his earnings be his ? If she had saved the funds in controversy from allowances granted to her for her own use, given to her "out and out" by the husband, then the funds would be hers. But the referee does not so find the fact.

The defendant contends that the savings were received by her as a gift from her husband. The burden is upon her to establish the fact by clear and incontrovertible evidence. The marital relation often affords temptation and opportunity for fraud in

such matters. A strong instinctive passion for property often leads a husband or wife into schemes for the absorption and conversion of the other's possessions. And equity is watchful to defeat all such wrongful appropriations. It requires that the donor's intention to divest himself or herself of the property, and the execution of that intention by an act of delivery, shall be clearly proved by the donee. *Carleton* v. *Lovejoy*, 54 Maine, 445 ; *Wing* v. *Merchant*, 57 Maine, 383 ; *Neufville* v. *Thomson*, 3 Edw. Ch. 92 ; *Jennings* v. *Davis*, 31 Conn. 134 ; *Mews* v. *Mews*, 15 Beav. 529 ; *McLean* v. *Longlands*, 5 Ves. 71 ; *Lloyd* v. *Pughe*, L. R. 8 Ch. 88 ; *In re Breton's Estate*, 17 Ch. Div. 416 ; 2 Stor. Eq. Jur. § 1375 ; 23 Am. Law Reg. (N. S.) 630, and cases there collated.

The evidence relied upon to prove a gift is that the defendant for a long time has had the funds in her possession, dealing with them with her husband's approbation. How much importance shall attach to the fact that she was virtually allowed to have the care and management of her husband's purse? Considering the confidential relations of husband and wife, the mere receipt of the funds of the one by the other from a third party, the naked fact being unsupported by other evidence, is not any proof whatever of a gift. A possession which is as consistent with agency as with gift must indicate agency instead of gift. Between husband and wife, his possession of her property is her possession, and her possession of his property is presumed to be his possession. Either may be the agent of the other, and the same principles apply where husband and wife are principal and agent as are applied to other principals and agents. 2 Per. Tr. (3rd ed.) § 678, and cases cited ; *McNally* v. *Weld*, 30 Minn. 209 ; *Hileman* v. *Hileman*, 85 Ind. 1. The presumption of law is that the property of the one remains his or her property, although taken into the possession of the other, until the contrary be clearly proved. There must be some clear and distinct act to transfer the title. See, besides cases *supra*, *Hanson* v. *Millett*, 55 Maine, 184.

Of course, the possession of the funds by the wife may become an important element of fact in combination with other evidence.

The other facts here do not amount to much. It is not pretended that the husband ever formally gave the funds to his wife, or declared them to be her property. He allowed her to take the money to be expended for the family support. There being an excess, it was his. "Savings out of money given by the husband to the wife for household and personal purposes belong to the husband." 2 Per. Tr. 3 ed. § 664; and cases cited. The case at bar somewhat resembles the case of *Marshal* v. *Crutwell*, L. R. 20 Eq. 328. There a fund was placed in bank in the name of husband and wife jointly, with a provision for either to draw from it, she drawing for household and other expenses, with the right to draw the balance remaining at his decease. It was held to be not a gift of the balance to the wife, but merely a mode for her to conveniently manage her husband's affairs. So in *Lloyd* v. *Pughe*, *supra*, where the wife was in the habit of drawing the husband's funds, it was styled by the court "a mere agency account by the husband without any contract which could give the wife any interest in the funds." In one of the cases above cited a wife claimed furniture because it was called hers and purchased for her; in another a wife claimed furniture because it was purchased and receipted for in her name; and in another a wife claimed silver-ware to be hers because purchased by her husband on her account and marked with her name; but all of the claims were overruled upon the ground that the evidence presented an illustration more of familiar talk and kindness and compliment than of actual gift.

The defendant further contends that there is no implied promise upon which an action of assumpsit can be founded. That depends upon whether she now has, or since the divorce has had, any money in her possession arising out of investments made of his property. There was no promise during coverture, but, as soon as that relation terminated, if she then had his money, there was an implied promise upon her part to pay it to him. If since divorce she has derived money from his property, she is presumed to promise to pay such money to him. We think this conclusion reasonably results from doctrines already well settled in this

state. *Webster* v. *Webster*, 58 Maine, 139 ; *Carlton* v. *Carlton*, 72 Maine, 115 ; *Blake* v. *Blake*, 64 Maine, 177.

We do not mean to imply that an action for money had and received, lies for the money which was in her hands during coverture, but which has not been in her hands since the parties were divorced. If, during coverture, she invested his money in securities, then the securities, if now in her possession, would be recoverable. The divorce terminated her agency of his affairs. She should surrender to him his money and chattels in her hands. If she has refused to do so, the same remedies may be taken that would apply between principals and agents in cases generally. Equity could have been appealed to by the plaintiff for the protection of his property against the wrongs of his wife, even while he was in *vinculis matrimonii*. And since those bonds are sundered, he can go to a court of equity to obtain repossession of his property, or may rely upon legal remedies so far as applicable.

Perhaps a bill in equity, covering all the grounds of the plaintiff's claim, would have been the better remedy ; and, with the consent of parties, the referee might be authorized to hear and determine all questions between them upon equitable as well as legal principles, and thus terminate all disputes in a single controversy.

*Exceptions sustained.*

WALTON, DANFORTH, VIRGIN, LIBBEY and HASKELL, JJ., concurred.