Owen, C. J.
The instructions requested and refused ignored the proof which tended to show that Kent received the ticket from the company’s agent without actual knowledge of the conditions and directions written therein. They also presupposed that, by receiving the ticket, Kent acquiesced in all its terms and conditions, in spite of the fact (which the evidence tended to prove) that he may have been wholly ignorant of them.
It is well settled that the purchaser of a railroad ticket does not, by its mere acceptance, acquiesce in, and bind himself to, all the terms and conditions printed thereon in the absence of actual knowledge of them. Balt. & O. R. Co. v. Campbell, 36 Ohio St. 647; Davidson v. Graham, 2 Ohio St. 135; Jones v. Voorhes, 10 Ohio, 145; Rawson v. Penn. Railroad Co., 48 N. Y. 212; 2 Wharton on Evidence, sec. 1243; Brown v. Eastern R. Co., 11 Cush. 97; Malone v. Boston & W. R. Co., 12 Gray, 388; Camden & Amboy R. W. Co. v. Baldauf, 16 Pa. St. 67; Wade on Notice, sections 543, 552, 554, 555; Lawson on Carriers, sections 106, 107; Blossom v. Dodd, 43 N. Y. 264; Quimby v. Vanderbilt, 17 N. Y. 306.
There is nothing iri the circumstance that the ticket in the case at bar was sold at a rate reduced from the regular fare, to take it out of the rule. The rate was the usual and established one allowed to a numerous class of patrons comprising commercial travellers whose principals were shippers ' over the company’s road.
The contract between Kent and the railroad company was made when he bought his ticket, received and paid for it. Rawson v. Penn. R. Co., supra. Neither party could, after that, change its terms or impose new conditions upon its enforcement .without the consent of the other. According to the company’s instructions to agents, and by the uniform custom regulating the sale of such tickets, they were required to be signed before their delivery to the purchasers. The company saw fit, in the case at bar, to dispense with this requirement. It received the plaintiff’s money, delivered him the ticket, in his ignorance of *289 any request that he sign it, honored it for several trips without first requiring him to sign its conditions. It thereby' waived this requirement, and its conductor was not justified, while it still retained plaintiff’s money, in ejecting him from its cars by reason of his failure to sign the ticket which had already gone into full effect between the parties, and his failure to pay the usual fare in money for a passage which was already paid for.
The conclusion we have reached relieves us of a consideration of the question arising upon the claim of counsel that the sixth condition of this ticket was against public policy, and would have been void if signed.
The trial court was right in refusing the instructions requested.

The judgment of. the circuit court is reversed and that of the court of common pleas affirmed.