DAVID KELLY, Administrator, etc., of Catharine Kelly, deceased, Respondent, *v.* ANTHONY J. CAMPBELL, Appellant.

A gift by a husband to a wife will be upheld without the aid of the statutes of 1848, 1849, 1860 or 1862, where the rights of creditors are not concerned.

The husband may act as the agent of the wife and what he said while acting as her agent at the time of taking a bill of sale, etc., is a part of the *res gestæ*, and therefore competent evidence for the wife.

BALCOM, J. The bill of sale of the goods, from Jones to Mrs. Kelly, was dated and executed on the 5th day of February, 1861. Her coverture did not then prevent her from purchasing the goods and going into trade as a shoe merchant (Laws of 1860, p. 157, §§ 1, 2.)

The action for the conversion of the goods by the defendant was properly bought in her name. (Laws of 1860, p. 158, § 7; Laws of 1862, p. 344, § 7; Code §§ 111, 114.)

The bill of sale itself authorized Mrs. Kelly to maintain the action in her own name, unless it was impeached for fraud. (27 Barb., 178; 32 id., 293; 4 Kern., 555.)

The notes surrendered, as the consideration for the bill of sale, were payable to Mrs. Kelly or order, and the presumption was that they were given for a consideration moving from her, and were her separate property. But it was competent for her to prove by her daughter, Catharine D. Jones, that her husband gave her money from time to time and told her to do with it as she pleased; and that she kept the money, so received, herself, and deposited it in a bank. This evidence tended to establish that the money, she loaned to Jones for the notes, was her own and not her husband's.

A gift by a husband to a wife will be upheld, when the rights of creditors are not in question, without the aid of the statutes of 1848 or 1849, 1860 or 1862. (17 Johns., 548; 3 Edwards' Ch., 92; 2 Kent's Com., 9th ed., 155; 4 Comst., 284; 7 Johns. Ch., 57; 3 Paige, 440; 4 Barb., 546; 8 Paige, 161; 3 Bradf., 7; 24 N. Y., 623; 2 Bosw., 92; 2 Md. Ch. Decis., 353; 5 Penn., 154; 29 id., 43; 3 Cush., 191; 6 id. 20.)

The husband of Mrs. Kelly acted as her agent in taking the bill of sale, and would be estopped from claiming the goods as his own.

The court, therefore, properly charged the jury, that the bill of sale conveyed to Mrs. Kelly the title to the goods, as between Jones and her husband, and authorized her to maintain the action for her separate property.

The foregoing views also show that the court rightfully refused to charge the jury as requested by the defendant's counsel.

The whole charge is not set out in the case and we must presume that the question of fraud was properly submitted to the jury.

Whether the verdict was against evidence is not within the province of this court to determine. The decision of the Supreme Court that it was not against evidence is conclusive upon the defendant.

What Mr. Kelly said when he gave his wife money, and also what he said as to the person for whom he was acting when he took the bill of sale, *i. e.*, that he was acting as agent for his wife, was *res gestæ*, and therefore competent evidence for his wife. (23 N. Y., 502; 1 Greenl. Ev., § 108; Cow. & Hill's Notes, 592 to 606; 1 Denio, 141; 9 Barb., 271; 29 id., 290.)

For these reasons I am of the opinion the judgment of the Supreme Court should be affirmed with costs.

DAVIES, J., also delivered an opinion for affirmance and all the judges concurred.

Judgment affirmed.