Carpenter *v.* Blake.

LEVANTIA S. CARPENTER, Respondent, *v.* ZERA H. BLAKE, Appellant.

(GENERAL TERM, SEVENTH DISTRICT, MARCH, 1869.)

A medical expert, called as a witness, is not qualified to express an opinion based on previous testimony in the case, where he has not heard all the testimony which may have been material to the subject of inquiry.

In an action against a surgeon for the negligent and unskillful treatment of a dislocated arm, the defendant claimed " consecutive luxation" or displacement after an actual reduction.—*Held*, that it was not competent to ask a surgical witness, who had heard the testimony of surgeons and others having knowledge of the injury and condition of the arm, whether, from the facts sworn to he believed there had been been " consecutive luxation."

And, per DWIGHT, J., a question of this character, to be admissible, must be an hypothetical one, based either upon the hypothesis of the truth of all the evidence given in the case, or upon an hypothesis, specially framed, of certain facts assumed to be proved for the purpose of the inquiry.

THIS action was brought to recover damages from the defendant for negligent and unskillful treatment of the plaintiff, by whom he had been employed as a surgeon and physician.

The action was tried before a court and jury, when it appeared that the defendant, who was a regularly practicing surgeon and physician, had been called in by the plaintiff, after a fall from a horse whereby her arm had been dislocated at the elbow, and that thereupon the defendant had made an effort, in the usual method, to reduce the dislocation, and afterward remained in charge of the case. The plaintiff's arm was shown to be stiff and deformed, and incapable of ordinary use ; and this she claimed to be the result of the defendant's failure to reduce the dislocation, and of other unskillful treatment by him subsequently.

The defendant claimed, as part of his defence, and gave evidence in that respect under a general denial, that the dislocation had been originally reduced by him, but that the arm had been the subject of consecutive luxation, and the parts again displaced.

Carpenter *v.* Blake.

After testimony had been taken from surgeons who had had the arm under examination, and other surgeons who had had opportunity to know of the character of the injury, and from the plaintiff and others respecting the operation performed by the defendant, and the circumstances connected with the injury, one of the plaintiff's witnesses, who was duly qualified as an expert, who testified that he had heard the evidence given by the surgeons, but that he was absent for about twenty minutes while the plaintiff was testifying, was asked, by the plaintiff's counsel, the following question: "Do you believe, from what you have heard of the testimony in this case, that this arm has been the subject of consecutive luxation?" The defendant's counsel objected that the witness had not heard all the testimony; and also for the reason "that it was improper to ask the witness a question founded upon the testimony in the case, and that the plaintiff's counsel should put a hypothetical question and ask the witness his opinion upon that."

The court overruled the objection, and the witness answered: "I do not believe it has been," and the defendant excepted.

The jury found a verdict for the plaintiff, and the defendant took this appeal.

*Scott Lord,* for the appellant.

*S. D. Faulkner,* and with him *James Wood,* for the respondent.

Present—E. D. SMITH, JOHNSON and DWIGHT, JJ.

DWIGHT, J. I think the court erred in overruling the defendant's objection to the question put to the witness, Dr. Campbell, "Do you believe from what you have heard of the testimony in this case that this arm has been the subject of consecutive luxation?"

In the first place it appeared that the witness had not heard

all the evidence in the case, having been absent for twenty minutes while the plaintiff herself was testifying, and during which time evidence very material upon the point in issue may have been given.

But the question was obnoxious to a more general and serious objection. It called upon the witness for a conclusion from all the evidence he had heard in the case without assuming any facts as established thereby. The witness was therefore permitted to accept such of the evidence as he believed to be true and reject such as he did not deem reliable. This was to permit to him the province and prerogative of the jury.

In this case it was a theory of the defence that the dislocation of the plaintiff's elbow had been once reduced, but that subsequent to the discontinuance of the defendant's visits the parts had been again displaced by "consecutive luxation." Whether such was the case or not, was precisely the question for the jury. To aid them in deciding that question it was competent and proper to adduce the opinion of a witness skilled in the science of anatomy and the art of surgery. But such an opinion can be formed by one who has had no knowledge of the case itself only upon an assumption of certain facts as established on the trial; and the question in the present instance left it to the witness to say what facts were established by the evidence which he had heard. This, it is clear, was the province of the jury.

As I understand the rule, a question of this character, to be admissible, must always be an hypothetical one, based either upon the hypothesis of the truth of all the evidence given in the case, or upon an hypothesis, specially framed, of certain facts assumed to be proved for the purpose of the inquiry. Such a question leaves it for the jury to decide in the first case whether the evidence in whole or in part is true or not, and in the second case whether the particular facts assumed are or are not proved.

Such a question calls for a purely scientific opinion, which may be properly considered by the jury, provided they find the facts to be established as assumed.

The vice of the question objected to is, that it left nothing for the jury to decide.

Such I understand to be the effect of the authorities upon this question, and if I am right the judgment must be reversed and a new trial granted.

Judgment reversed and new trial granted, costs to abide event.