Susan A. McCollum, Administratrix, etc., Respondent, *v.* Emery R. Seward et al., Appellants.

In an action for work and labor, after plaintiff had testified as to the character of the services rendered, he called a witness, who was asked: "What were his (plaintiff's) services, as he describes them, worth per month?" This was objected to upon the ground that it was not competent for witness to give an opinion on plaintiff's statements. The objection was overruled. *Held*, no error; that the question did not call upon the witness to determine the truth of plaintiff's evidence, but was simply, what were his services worth, assuming they were rendered as described, leaving the jury to determine that question,

In an action upon an unliquidated demand, the allowance of interest from the time of the commencement of the action is proper.

(Argued June 9, 1875; decided June 22, 1875.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee. This action was to recover for work, labor and services. It was brought originally by plaintiff's intestate. Upon the trial, after the then plaintiff had testified as to the character of the services he performed, the average length of time he was employed each day, etc., one Robinson was called as a witness, who, having testified that he heard the testimony of plaintiff, was asked: "What were his services, as he describes them, worth a month taking the whole year

round?" This was objected to by defendants' counsel, on the ground that "it was not competent for witness to give an opinion on plaintiff's statement." The objection was overruled, and plaintiff's counsel excepted. The referee allowed interest on the balance found by him unpaid from the time of the commencement of the action, to which defendants' counsel duly excepted.

*Nathaniel C. Moak* for the appellants. The referee erred in overruling defendant's objection to the testimony of the witness Robinson as to the worth of plaintiff's services. (*People* v. *Lake*, 12 N. Y., 358; *Dexter* v. *Hall*, 15 Wall., 9; 1 Greenl. Ev., § 440; *Woodbury* v. *Obar*, 7 Gray, 467, 471; *Scott* v. *Lillenthal*, 9 Bosw., 224, 229; *Ehle* v. *Chit. Bk.*, 24 N. Y., 548; *Bap. Ch.* v. *Bklyn.*, etc., 28 id., 153; *Rich* v. *Jackway*, 18 Barb., 357; *Crounse* v. *Fitch*, 23 How. Pr., 354, 355; 14 Abb. Pr., 347; *Newell* v. *Doty*, 33 N. Y., 94; *Van Vechten* v. *Hopkins*, 5 J. R., 211; *Maynard* v. *Beardsley*, 7 Wend., 560; *Gibson* v. *Williams*, 4 id., 320; *Weber* v. *Kingsland*, 8 Bosw., 416, 438, 441; *Richardson* v. *Mosier*, 53 Barb., 602, 605; *People* v. *Haynes*, 55 id., 456; *People* v. *Cole*, 43 N. Y., 512; *Worrall* v. *Parmelee*, 1 N. Y., 519; *Baird* v. *Gillett,* 47 id., 186; *Williams* v. *Fitch*, 18 id., 546; *Starbird* v. *Barrens*, 43 id., 200; *Osgood* v. *Manhattan Co.*, 3 Cow., 612.) It was error to allow interest from the commencement of the action. (*Rens. Glass Factory* v. *Reid*, 5 Cow., 588; 603; *Holmes* v. *Donihugh*, 17 Barb., 454; *Robinson* v. *Stewart*, 10 N. Y., 190.)

*Amasa J. Parker* for the respondent. The testimony of Robinson as to the value of plaintiff's services was properly received. (1 Phil. Ev., 290; 1 Greenl. Ev., § 440; 2 Park. Cr., 49, 134, 135; 3 id., 272; 7 Metc., 500; *McNaghten's Case*, 10 Cl. & F., 200; *Crary* v. *Sprague*, 12 Wend., 41, 404; *Joy* v. *Hopkins*, 5 Den., 84; *Lincoln* v. *Sar. Co.*, 23 Wend., 433; *Brill* v. *Flagler*, id., 354; *Clark* v. *Baird*, 5 Seld., 196; *Robertson* v. *Knapp*, 35 N. Y., 92; 45 id., 125.)

Opinion of the Court, per Andrews, J.

Interest was properly allowed by the referee. (*Graham* v. *Chrystal*, 1 Abb. Pr. [N. S.], 121; *Adams* v. *Fort Plain Bk.*, 36 N. Y., 255; *Mygatt* v. *Wilcox*, 45 id., 306; *Rawson* v. *Grow*, 4 E. D. S., 18; *Feeter* v. *Heath*, 11 Wend., 478, 484; *McCormack* v. *Penn. Cen., etc.*, 49 N. Y., 304; *Parrott* v. *N. Y. Ice Co.*, 46 id., 361; 43 id., 244; 1 Abb. [N. S.], 121, 244; affirmed, 2 Keyes, 21; 4 E. D. S., 18; *McMahon* v. *N. Y. C. R. R. Co.*, 20 N. Y., 463.)

Andrews, J. The question put to the witness Robinson is not subject to the objection that it called upon him to determine the truth of facts deposed to by the plaintiff before giving an opinion as to the value of his services. If the question was subject to the construction put upon it by the counsel for the defendants the objection was well founded. It was for the jury to determine the credit to be given to the plaintiff's testimony, and the opinion of Robinson as to the value of the services founded upon the plaintiff's evidence could only be given hypothetically, that is, assuming that the facts stated by him were true, which it was for the jury to decide. And this we think was implied in the question put. The question was: "What were his services, as he (plaintiff) described them, worth a month taking the whole year round?" This was equivalent to asking him: "Assuming that the services rendered were as described by the plaintiff what were they worth?" It left the jury to pass upon the credibility of the testimony upon which the opinion was based. The allowance of interest on the plaintiff's claim from the time of the commencement of the suit although the amount was then unliquidated, was proper within the recent authorities upon the subject. (*Feeter* v. *Heath*, 11 Wend., 478; *Van Rensselaer* v. *Jewett*, 2 N. Y., 135; *Adams* v. *Fort Plain Bank*, 36 id., 255; *Mygatt* v. *Wilcox*, 45 id., 306; *McCormick* v. *The Penn. Central R. R. Co.*, 49 id., 304.)

The judgment should be affirmed.

All concur.

Judgment affirmed.