SARAH J. SCHERMERHORN, PLAINTIFF, *v.* WILLIAM A. TYLER, DEFENDANT.

*Evidence — opinion of witness as to damages — inadmissibility of.*

Upon the trial of an action brought to recover damages for injury occasioned to some cattle by their escape while under defendant's charge, a witness, having stated that he knew the effect of fat cattle getting out and wandering around, and that he had heard the evidence as to these cattle, was asked what, in his judgment, would be the shrinkage of such cattle from such a tramp. *Held*, that the question was inadmissible.

Having stated that he had heard the cattle described by another witness, he was again asked, aside from the shrinkage, how much is the damage on such cattle, how much are they worth less per hundred ? *Held*, that this question was also inadmissible.

*McCollum* v. *Seward* (62 N. Y., 316) distinguished.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term after a verdict in favor of the plaintiff.

Objections were taken by the defendant, to a class of questions, asked for the purpose of proving damages; and were overruled.

The action was brought to recover damages alleged to have been occasioned to cattle, by their escape from the lot of the defendants, in whose care they were claimed to have been placed. A witness, who had been in the business of buying fat cattle, and carrying them to the city, was asked if he knew the effect upon fat cattle of getting out and wandering about; he was further asked how much fat cattle, weighing 1,500 pounds, would shrink, if they were to get out of control in the streets for twenty-four hours. He was again asked whether he had heard the evidence as to these cattle, and having answered that he had, he was then asked what, in his judgment, would be the shrinkage of such cattle from such a tramp. He answered from fifty to 100 pounds. He was again asked whether he had heard the cattle described by another witness, and answered that he had. He was then asked, aside from shrinkage, what is the damage on such cattle; how much were they worth less per hundred. And he answered one dollar. He was again asked how much less per head would they be worth in consequence of such a tramp — such cattle as had been described by another witness — how much per hundred less; and he answered, five to ten dollars.

*Richards & Sessions*, for the plaintiff.

*Hotchkiss & Millard*, for the defendant.

LEARNED, P. J. :

If the witness had seen the cattle, he, as a man acquainted with cattle, might have testified as to their value. Value of marketable property is so far a matter of fact, that it may be proved by

witnesses. The witness, however, was not asked as to the actual injury to these cattle, but as to the injury which would ordinarily be occasioned to such cattle, by a similar exposure. To admit this, was to extend the admission of evidence by experts too far. There could be no difficulty, in this case, in showing the actual injury to the cattle, which followed their escape and their wandering about. If they had shrunk in weight, or had been injured in appearance, these facts could have been proved by those who saw them. For these were plain and conspicuous results. To prove what is the usual effect of such an escape on such cattle, is to substitute conjecture for certainty. It is like asking, in an action for assault and battery, for the purpose of proving the plaintiffs' injury, what would be the usual effect of knocking down a man of the size of the plaintiff. " The subject of the proposed injury, was a matter of common observation, on which the lay, or uneducated mind is capable of forming a judgment." (*Milwaukee and St. P. R. W. Co.* v. *Kellogg*, U. S. Sup. Ct., 15 Alb. Law J., 408.)

Again, the witness having heard the owner of the cattle describe their appearance, was asked to estimate the loss on such cattle as he had described. These questions, or some of them, seem to have been intended to obtain the judgment of the witness as to the damage sustained by these cattle, assuming the plaintiff's description of them to be true. And the plaintiff claims that this was admissible under *McCullum* v. *Seward* (62 N. Y., 316). In that case, a plaintiff, having described the services that he had performed, was permitted to ask a witness what such services as he described were worth. This was only inquiry as to marketable value. But in the present case the witness, who had never seen the cattle but had heard the plaintiff describe them in his testimony, was asked to estimate the damages they had sustained. That was the duty of the jury.

Without looking at the other questions, I think there must, for these reasons, be a new trial, costs to abide the event.

Present — LEARNED, P. J., and BOOKES, J.; BOARDMAN, J., not sitting.

New trial granted, costs to abide event.