By the Court.—Sauford, J.
The defendant contends that the plaintiff’s title to the claim in suit is invalid, because acquired by assignment directly from her husband. While a different rule might prevail, if the rights of the husband’s creditors were concerned, transfers of personalty made by husband to wife, are sustained as valid between the parties, and dioses in action are held to pass by delivery from one to the other, even without a written assignment (Lockwood v. Cullin, 4 Robt. 129 ; Mack v. Mack, 3 Hun, 323).
The principal issue in the case was whether, by agreement between the defendant and the plaintiff’s assignor, the compensation of the latter, for whatever services he should render, was to be limited to a commission of five per cent, upon the amount of such sales as he should effect, or whether he was to receive such commission upon sales in addition to the fair and reasonable value of his other services. Upon this issue, there was conflicting evidence. The plaintiff’s assignor testified, in substance, that the general charge of the business of defendant, as assignee of the firm of John F. Seymour & Co., of which witness, prior to its failure, had been a member, was for four months and a half entrusted to and devolved upon him, by the defendant ; and that, during that period, he attended to the correspondence and collections, had charge of the *127 money drawer, paid the clerks, and took an account of stock. That the defendant expressed reluctance to paying him a salary, because creditors might object, but nevertheless agreed to pay Mm for his work, and distinctly said that he would do so ; and as a separate matter, also agreed to pay him five per cent, for selling goods.
On the other hand, the defendant testified that shortly after the assignment he informed the plaintiffs assignor, and his two partners in the firm of John F. Seymour & Co., that the stock of goods was small, and that he could pay them no more than five per cent, for selling. That nothing was said about salary, or about any payment for services, excepting such commissions. On his cross examination, he testified that he told them positively, he would pay only five per cent, commission for any services they rendered. The defendant was corroborated, in respect to the alleged arrangement between himself and the members of the firm of John F. Seymour & Co., with respect to commissions, by two other witnesses, one a member of that firm, each of whom testified, in effect, that the compensation of the former partners was by express agreement to be limited to a commission of five per cent, upon sales, but it appeared that compensation, in excess of such commission was, in fact, paid by defendant, to one or more of them, and was charged as so paid upon the defendant’s books. Moreover, the plaintiffs assignor testified, without contradiction, that after the suit was brought the defendant- said to him : “I did enough to pay you for your first month’s work. I think that is all you ought to have asked.” It appeared, in evidence, that the defendant had retained, on account of his services, §358.15, out of cash that came to his hands in the course of the business, as appeared by entries in defendant’s books.
The court submitted to the jury the question of fact *128 involved in this issue, directing their attention to' the numerical excess of witnesses in behalf of the defense, but observing that there were facts and circumstances, which rendered it eminently proper that the question of the credibility of all the witnesses should be disposed of by them. There is nothing in the case to warrant or suggest a suspicion that in arriving at a conclusion the jury were biased ór prejudiced, or that their deliberations were conducted otherwise than in perfect fairness and good faith. The verdict should not be disturbed as unsupported by, or as against the weight of evidence. Testes ponderantur non numerantur. The value of the plaintiff’s services was proven by himself and by two other witnesses, each of whom testified that they had heard his testimony as to what he did. They were then asked, what in their opinion his services were worth. Objection having been taken to the question, because the witness was asked to fix the value from what Seymour said the services were—the witnesses were instructed to leave out of view the estimate of value given by Seymour, and from his statement of the services, to say what they were worth. The objection is that the question was not based upon a hypothetical statement of facts, but that it accorded to the witness the province of determining wrhat services were rendered, and then of fixing their value. An opinion as to the value of services should be based either upon a witness’s knowledge of the facts, or upon a hypothetical case, including some or all of the facts proven (Mercer v. Vose, 67 N. Y. 56). Where the evidence of witnesses requires to be reconciled, and when different inferences may be drawn from such evidence, an opinion as to value, founded solely upon hearing-such evidence read, is incompetent- (Reynolds v. Robinson, 64 N. Y. 589). The question must be so stated that the witness shall have in his mind a definite state *129 of facts, so that the province of the triers shall not be interfered with (76.).
I am of opinion that this salutary rule was not infringed by the questions now under consideration. In the case last cited, the.witness had heard the testimony of two physicians, in regard to a malady with which the defendant’s testator was afflicted, and had heard read the testimony of the plaintiff’s wife in regard to the nature and extent of her care, nursing and attendance upon him, during the last six years of his life. The question contained no reference to any particular portion of the evidence, and called generally for the witness’s opinion as to the value of the services rendered by plaintiff’s wife in nursing said intestate during that period. Under the particular form of the question addressed to him, the witness was called upon to determine, from the evidence, and in view of the testimony of a medical expert, the nature, extent and importance of the services which had been rendered, and thereupon to estimate their value. In the case at bar, the testimony of the plaintiff’s assignor as to his services was very brief and direct. The witnesses were particularly directed to confine themselves to that testimony, and upon that basis to express an opinion. This was equivalent to an inquiry as to the value of certain services, supposing them to have been rendered as stated. It did not devolve upon the witness the duty of determining whether they were so rendered or not. In the case of McCollum v. Seward (62 N. Y. 316), a witness was asked, “What were his (the^ plaintiff’s) services; as he describes them, worth a month, taking.the whole year round?” The court of appeals was of opinion that an objection, similar to that now taken, was not tenable ; although it recognized and affirmed the principle upon which that objection was urged. It held that the witness was not called upon to determine the truth of the facts deposed to, *130 before giving an opinion, but only for an opinion to be given hypothetically, upon the assumption that the facts stated were true. I think the present case precisely analogous, and that both cases may be readily distinguished from that of Reynolds v. Robinson (ut supra), where the -witness was, in some sense, required to determine from the evidence, first, what services the plaintiff did, in fact, render, and thereupon to estimate their value.
The evidence of both witnesses upon their cross examination, under hypothetical questions addressed to them by the defendant’s counsel, was highly favorable to the defense, and on the whole, could not have prejudiced the defendant. I think the ruling was not erroneous, but even if technically it were so, the error is not one which under the circumstances warrants a reversal.
In response to a specific request on the part of the defendant to charge “ that if the jury believe the plaintiff’s assignor has willfully testified falsely in any particular, he is unworthy of credit,” the court charged that undisputed testimony was always entitled to credit, but that the credit of a party (witness) would be destroyed by a willfully false statement, important to the case.
Exception was taken to this qualification of the defendant’s request. The proposition contended for, without any qualification, was untenable. The maxim “falsus in uno, falsus in omnibus,” is not of universal application. The jury are to be the judges of the credibility of witnesses, and the uncontradicted evidence of even a forsworn witness, if corroborated, is not necessarily to be utterly rejected and disregarded. The true rule is, that the jury are at liberty to reject utterly, the testimony of a witness who has deliberately sworn falsely in regard to one material fact, except in so far as he is corroborated by other credible witnesses, *131 or by necessary inferences from undisputed facts. It should appear that a witnesss has committed, or is capable of perjury, before it can be said that he is unworthy of any credit. The jury are not absolutely bound to reject undisputed evidence, duly corroborated, or which accords with the probabilities of the case, because it comes from the mouth of a witness, who, upon a collateral question, not material to the issue, has been guilty of willful misrepresentation. While such a misrepresentation may affect credibility, it will not necessarily entirely discredit a witness.
The materiality of the matter as to which one shall willfully and corruptly swear falsely, is essential to constitute perjury (2 R. S. 681). The court qualified the defendant’s proposition, by charging that the credit of a party (witness) would be destroyed by willful falsehood, “if important (that is, material) in the case.” There was no error in the rule as adopted and laid down by the court (Wilkins v. Earle, 44 N. Y. 172, 182; Brett v. Catlin, 47 Barb. 404, 407; and see authorities collected in note to Koehnecke v. Ross, 16 Abb. Pr. N. S. 345).
Other exceptions referred to in the points of counsel are not deemed tenable.
The judgment and order appealed from must be affirmed with costs.
Curtis, Ch. J., concurred.