LUCY I. SEYMOUR, Respondent, v. GEORGE A. FELLOWS, Appellant.

In an action by a married woman upon a claim for work and labor, assigned to her by her husband, defendant cannot question the validity of the assignment.

In an action for work and labor, where the value of the service is in question, it is competent for a witness, who has heard the testimony of another witness as to the nature and extent of the services rendered, to give an opinion as to the value of the services so testified to.

*Sills* v. *Brown* (9 Car. & Payne, 601); *The Clement* (2 Curtis, 369); *Carpenter* v. *Blake* (2 Lans., 206); *Reynolds* v. *Robinson* (64 N. Y., 595), distinguished.

(Argued April 16, 1879; decided April 25, 1879.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought by plaintiff as assignee of her husband to recover for work and labor alleged to have been done and performed by him for defendant.

The facts relating to the questions discussed appear sufficiently in the opinion.

*George A. Black*, for appellant. The assignment to plaintiff directly by her husband was void. (Laws 1848, chap. 200, p. 308; Laws 1849, chap. 375, p. 528, § 3; Laws 1860,

chap. 90, § 8; *White* v. *Wager*, 25 N. Y., 328; *Cashman* v.
*Henry*, Ct. Apps., Nov. 12, 1878.) A married woman can
only have a trust declared in her favor as to property pur-
chased with her money by her husband, or given to her, upon
a complaint properly framed and with the necessary parties
before the court. (Lewis on Trusts [6th ed.], 61; *Bradley*
v. *Aldrich*, 40 N. Y., 504.) Her husband is a necessary
party. (Story's Eq. Pl. [4th ed.], § 207; 1 Dan. Ch. Pr.
[2d ed.], 207; *Savage* v. *O'Neil*, 44 N. Y., 302; *Lossee* v.
*Ellis*, 13 Hun, 638.) All questions to experts must be based
on a hypothetical statement of facts. (*The Clement*, 2
Curtis, 369; *Sills* v. *Brown*, 9 Car. & P., 601; *Carpenter* v.
*Blake*, 2 Lans., 206; *Merser* v. *Vose*, 67 N. Y., 58; *Reynolds*
v. *Robinson*, 64 id., 595; *Dolz* v. *Morris*, 10 Hun, 201.)

*Geo. V. N. Baldwin*, for respondent. The questions put
to witnesses as to the value of plaintiff's services were equiva-
lent to hypothetical questions and were proper. (*McCullom*
v. *Seward*, 62 N. Y., 316; *Reynolds* v. *Robinson*, 64 id., 589.)
Usages and customs have to be proved like other facts, and
necessarily by parol evidence. (3 Phil. on Ev. [Edward's
ed.], 234, n.; *Miller* v. *Ins. Co. of N. Am.*, 1 Abb. N. Cas.,
470.) The assignment to plaintiff by her husband vested a
valid title in her. (1 Bish. on Mar. Women, § 730; *Rawson*
v. *Penn. R. R. Co.*, 48 N. Y., 212; *Lockwood* v. *Cullin*, 4
Robt., 129; *Kelly* v. *Campbell*, 2 Abb. Ct. App. Dec., 492;
*Mack* v. *Mack*, 3 Hun, 323; *Mix* v. *Andes Insurance Co.*,
9 id., 397.)

DANFORTH, J. The appellant objects that the assignment
of the cause of action having been made directly to the
plaintiff by her husband, is void.

The rights of creditors are not in question, and we think
the court below properly overruled the objection. (*Rawson*
v. *Penn. R. R. Co.*, 48 N. Y., 216; *Savage* v. *O'Neil*, 44
id., 298; *Kelly* v. *Campbell*, 1 Keyes, 29.) Upon the
pleadings, the value of services rendered by Robert W.

Seymour, was in issue, and to be determined by the jury. It is objected that the court erroneously, and against defendant's objection, permitted certain questions to be addressed to witnesses, calculated to call out testimony upon that issue. Mr. Seymour was examined fully as to the nature and extent of his services, and immediately afterwards one Butler was called by the plaintiff, and he, having said that he had heard the testimony of Seymour, was then asked in substance to say, what in his opinion they were worth. This was objected to by the defendant, but no ground or reason for the objection was stated. The witness answered : "I should think about $250 to $300 per month." Mr. Anderson was also called, and stated that he had heard the testimony of Seymour, and was asked : "what in your opinion was the value of the services which Mr. Seymour stated he rendered during the months between the 15th October, 1874, and 1st March, 1875." The defendant's counsel objected on the ground that the question calls for the opinion of the witness, based on the testimony of Mr. Seymour, which he heard. The witness answered sixty-five dollars per week. There was no error in the ruling of the court. It related to a mere matter of form, and not of substance, and is not to be distinguished from the question sustained in *McCollum* v. *Seward*, (62 N. Y., 316). Nor is there any conflict between that case, and those to which our attention is called. *Sills* v. *Brown*, (9 Car. & Payne, 601,) was a case of collision. The witness was asked, whether having heard the evidence in the cause, he thought the conduct of the captain of the brig (one of the vessels concerned) was right or not. The question in "*The Clement*" (2 Curtis, 369), was of the same character. In each the witness was asked in substance to determine the very issue in the case. In *Carpenter* v. *Blake* (2 Lans., 206), the witness had not heard all the testimony, and was asked to give his opinion from what he had heard "whether the arm had been the subject of consecutive luxation;" the very point in dispute, and upon which the defense rested. The question was held inadmis-

sible, because "the witness was thereby permitted to accept such of the evidence as he believed to be true, and reject such as he did not deem reliable. This was to permit him to exercise the province and prerogative of the jury."

In *Reynolds* v. *Robinson* (64 N. Y., 595), the question was subject to the same objection. The witness had heard the testimony of two physicians, and had heard read the evidence of another ; he was then asked for his opinion. It is obvious that it must be made up, if at all, upon the weight of evidence, the comparison of testimony, and his estimate of the accuracy and reliability of the witnesses from whose narration he was to form an opinion. He was required to consider the evidence detailed by a group of witnesses, and eliminate what to him seemed material, from the irrelevant. But none of these objections exist in this case. The question directed the attention of the witness to the testimony of a single witness upon a single subject, and was not other in effect than it would have been if the counsel had recited the statement of services rendered by the party, and on that statement asked an opinion of their value. As was held in *McCollum* v. *Seward, supra,* "this was equivalent to a question 'assuming that the services rendered were as described by the witness, what were they worth.'"

The defendant requested the court to charge, that "if the jury believe the plaintiff's assignor has willfully testified falsely in any particular he is unworthy of credit." In responding to this request the court charged : "If there is any testimony in any case between parties that is undisputed, not contradicted, for example written testimony, it is always entitled to credit, although if the party does willfully state falsely, if it is important to the case, it destroys his credit." The defendant excepted to this qualification.

I think it quite unnecessary to consider this exception, for it seems wholly irrelevant to the case. Our attention has not been called to any evidence which would justify the jury in finding the state of facts assumed by the request, and I have not been able to find any. To submit a fact destitute

of evidence, as one which may nevertheless be found by a jury would of itself constitute error. But if it were otherwise the charge as made was at least as favorable to the defendant as he could properly ask.

Unimportant evidence cannot affect the result of a case, and however objectionable it may be in morals, intentionally to waiver in the least degree from the truth, even in regard to non-essentials, there is no rule of law which subjects the offender to the pains and penalties of perjury. For the same reason the judge was right in declining to charge in the manner proposed by defendant's counsel, for that involved immaterial, as well as material matter.

The remaining points made by the learned counsel for the appellant were for the consideration of the jury, and the Special and General Terms of the Superior Court, where they were doubtless presented, but they indicate no error which this court can review.

The judgment and order appealed from should be affirmed. All concur, except RAPALLO, J., absent.

Judgment affirmed.