# ELIAS AYRES, APPELLANT, *v.* WATER COMMISSIONERS OF THE CITY OF BINGHAMTON, RESPONDENTS.

*Expert—proper form of question to.*

On the hearing of an issue as to whether an excavation in a city street was properly refilled, an expert witness who had heard the evidence as to such refilling, was asked and allowed to answer the following question: " How would *you* fill such an excavation ?"

*Held,* that while it was proper for the witness to state what would have been a proper manner of refilling the excavation, it was an error to allow him to testify how *he* would have refilled it.

One who has personal knowledge of the facts of a case may give his opinion as an expert, but he cannot give such opinion when he possesses no knowledge of the facts except such as he derives from having heard the testimony of other witnesses.

Where a witness, offered as an expert, has not personal knowledge as to the facts, he can only testify in answer to hypothetical questions which assume the existence of the facts claimed by the party conducting the examination to have been proved.

The fact that one issue existed in the case, which might have been decided in favor of the successful party, does not justify the appellate court in disregarding errors in the admission of testimony bearing upon a different issue, and holding that the evidence so admitted was harmless.

EXCEPTIONS ordered to be heard at the General Term, in the first instance, after a verdict in favor of the defendants at the Broome County Circuit.

This action was brought by the plaintiff against the defendants, the water commissioners of the city of Binghamton, for the recovery of damages for injuries claimed by the plaintiff to have been caused by the neglect of the defendants in filling an excavation which they had made in one of the city streets, for the purpose of repairing or relaying the water pipes.

*G. A. Sessions,* for the appellant.

*S. C. Millard,* for the respondents.

MARTIN, J.:

One of the principal questions litigated on the trial of this action

was whether a certain excavation made by the defendants in one of the streets of a city was properly refilled.

On the trial the defendants called one Dillon as a witness and expert, and after proving by him that he had heard the evidence of Felter, who was a witness for the defendants, and who had testified as to the manner of refilling the excavation in question, the witness was asked the following question : " How would you fill such an excavation ?" This question was objected to by the plaintiff as improper ; the court overruled the objection and the plaintiff excepted. This exception was, we think, well taken ; for although the defendant had the right to prove what was a proper manner of refilling such an excavation, yet it was wholly immaterial how the witness would have refilled it, and the testimony of the supposed action of the witness was at most a mere conjecture or speculation upon his part as to what he would have done in this particular case, and was inadmissible. (Greenl. on Ev., § 401 ; *Berthon* v. *Loughman*, 2 Starkie, 258 ; *Rich* v. *Jakway*, 18 Barb., 357 ; *Insurance Co.* v. *Cotheal*, 7 Wend., 82 ; *Rawls* v. *Insurance Co.*, 27 N. Y., 293 ; *Newell* v. *Doty*, 33 Id., 94 ; *Cowdrey* v. *Coit*, 44 Id., 382 ; *Bank* v. *Mudgett*, 44 Id., 523 ; *Hotchkiss* v. *Mosher*, 48 Id., 478 ; *Sturm* v. *Williams*, 6 J. & S., 348 ; *Dolz* v. *Morris*, 10 Hun, 201.) We are also of the opinion that the court erred in allowing the witness Mason to testify that in his judgment the excavation in question was properly refilled. This witness had no personal knowledge of the excavation, nor of the manner in which it was refilled ; his opinion was founded wholly upon the evidence which had been given by the witnesses for the defendant. Under such circumstances a witness, without previous knowledge as to the manner in which this excavation was refilled, was not competent to testify that it was properly or improperly refilled. That question was for the jury, and was not within the province of this witness. When a witness has personal knowledge of the facts upon which his opinion is founded he may give an opinion as an expert, predicated on such facts. (*Bellinger* v. *New York Central R. R. Co.*, 23 N. Y., 42 ; *Curtis* v. *Gano*, 26 Id., 426 ; *Conhocton, &c.* v. *B. N. G. & E. Railroad Co.*, 3 Hun, 523.) But when he possesses no such knowledge and, as in this case, has no knowledge of the facts except such as he derived from

the evidence of other witnesses, he cannot properly be allowed to give such direct opinion. It is not in the province of a witness to reconcile and draw inferences from the evidence of other witnesses and to take such facts as he thinks their evidence has established or as he can recollect, and thus form and express an opinion. If the party desires the opinion of such a witness he may put to him hypothetical questions, assuming some or all of the facts claimed by the party to have been established by the evidence, and thus obtain his opinion. When the question is thus stated the witness gives his opinion on a definite state of facts and the province of the jury is not interfered with. The jury can then determine whether the facts assumed exist, and give to such an opinion such weight as they think it entitled to, with a full knowledge of the facts upon which it is based. (*Rogers* v. *Rhodeback*, 5 N. Y. Legal Obs., 334; *People* v. *Lake*, 12 N. Y., 358; *Crofut* v. *Ferry Co.*, 36 Barb., 201; *Taylor* v. *Monnot*, 4 Duer, 116; *Carpenter* v. *Blake*, 2 Lans., 206; *Hoard* v. *Peck*, 56 Barb., 202; *Reynolds* v. *Robinson*, 64 N. Y., 589; *Freeman* v. *Lawrence*, 11 J. & S., 288.)

The defendant, however, contends that the plaintiff was not injured by the reception of this evidence, and that, therefore, a new trial should not be granted, although the evidence was improperly received. We cannot so hold. This evidence may, and for aught we can see, did influence the jury in rendering a verdict for the defendant. The fact that there was another issue in this case upon which the jury may have found in favor of the defendant, is not sufficient to justify us in holding that the reception of this evidence was harmless. We cannot say that such testimony did, in no way work a prejudice to the plaintiff. " When improper testimony is admitted which may have influenced the minds of a jury, the judgment must be reversed." (*Bennett* v. *McGuire*, 58 Barb., 625; *Underhill* v. *N. Y. & H. R. R. Co.*, 21 Id., 496; *Dresser* v. *Ainsworth*, 9 Id., 619; *Starbird* v. *Barrons*, 43 N. Y., 200; *Reynolds* v. *Robinson*, 64 Id., 596.)

A new trial in this action must, therefore, be granted, with costs to abide the event.

Present—LEARNED, P. J., BOCKES and MARTIN, JJ.

New trial granted, costs to abide event.