MARY E. ROGERS AND OTHERS, RESPONDENTS, *v.* GEORGE ANSON, APPELLANT.

*Damages — examination of witnesses as to the amount thereof — what questions are allowable.*

Upon the trial of this action, brought to recover damages done by cattle trespassing upon the plaintiffs' premises and injuring the vines, currant bushes and fruit trees upon them, one of the plaintiffs, after testifying to the breaking of the limbs of the trees and the destruction of the vines and shrubs, was permitted, against the defendant's objection and exception, to answer the questions, "What was the value of the trees? what was the amount of damage you saw done them," by saying, "Well, $200."

*Held,* that no error was committed in allowing the question to be put and answered.

Another witness, who had given with great minuteness the items of injury and stated that he knew the value of the lands, was asked and allowed to answer what the amount of damage was.

*Held,* no error.

Another witness, who had stated the injury, on being asked as to its extent, replied: "If it was on my own land, I would hate to have it done for a couple of hundred of dollars."

*Held,* that the court did not err in refusing to strike out the answer.

APPEAL from a judgment of the County Court of Dutchess county, entered upon the verdict of a jury in favor of the plaintiffs.

*A. M. & G. Card,* for the appellant.

*W. C. Haight,* for the respondents.

BARNARD, P. J. :

This was an action of trespass upon lands. The parties are adjoining owners, and the damage alleged to have been done was done by cattle. The plaintiffs' premises had vines, currant bushes and fruit trees on it. The principal question presented was as to the proof of damage. One of the plaintiffs, Hannah Northrop, testified as follows: " The limbs were broken down, some of the trees were broken down to the roots, the quince bushes were entirely broken off, and my cranberries (they were of large kind) they were destroyed, and the bigger trees—the limbs were broken off pear trees, apple trees, cherrry trees and all ; I had then about 100 apple trees, eight cherry trees, six pear, and great limbs were broken off them ; I had an ornamental tree that was also torn to pieces, torn from the ground ; that was worth $500 ; grape arbor was also destroyed ; I had terraces along them, they were also destroyed so it had to be rebuilt." The plaintiff was then permitted to put this question : What was the value of the trees — what was the amount of damage which you saw done them ? A. Well, $200. This question did not call for an opinion merely. The value of property is a fact and not an opinion, and the double question merely called for the value of the things specifically mentioned by the witness as in a greater or less degree injured. (*McCollum* v. *Seward*, 62 N. Y., 316 ; *Seymour* v. *Fellows*, 77 N. Y., 178.)

The other instances where exception was taken to the question of damages were not erroneous. The witness, J. H. Northrop, after giving with great minuteness, the items of injury, and after stating that he knew the value of the lands, was asked what was the amount of damage done. Under the case of *Argotsinger* v. *Vines* (82 N. Y., 308) the damage was the difference between the land before the injury and the land after it, and the question called for that only. The question put to the witness Rogers is sustainable for the same reason. The witness Cary gave particularly the injury he had seen, and that he made up his damages from that only. No error was committed in refusing to strike out the answer given by the witness Cable. He had stated the injury, he said, and when asked as to its extent, replied as follows : " If it was on my own (land) I should hate to have it done for a couple of hundred dollars." This was responsive to the question. The only objection to it is the insertion

of that part of the answer which refers to his own land. It does not appear that the witness intended to make a different estimate by reason of that answer. It was a mannerism of the witness to convey the idea that the damage done was $200. The damages are not excessive. The injury was considerable. There is some evidence that it amounted to $200. When a lesser sum is given by a witness it appears that he did not include all, but only such portions as he had brought to his notice. The question is one peculiarly for a jury, and the verdict thereon should stand.

Judgment affirmed, with costs.

PRATT, J.:

There are no errors of law shown by the record, and we do not think the verdict can be called excessive. The jury, upon the first trial, rendered a verdict for $200, which should be allowed some weight upon the question of excessive damages. The trespass was deliberate and continued, and the evidence required substantial damages. The charge of the court was as favorable as defendant had any right to expect.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs.