Theodore E. Bramble, Respondent, v. Elston Hunt and Others, Appellants.

*The value of an attorney's services — hypothetical questions — the estimate of witnesses not controlling.*

An error in admitting, on a trial by a referee of an action brought to recover for services rendered by an attorney at law, a question put to a witness for the plaintiff as to the value of the services, which was incompetent under the rule that a hypothetical question should be throughout what its name imports and not a question calling for the personal judgment of the witness upon facts known to him outside of the question and outside of the testimony, does not require a reversal of a judgment in favor of the plaintiff, when it appeared that the value put upon the plaintiff's services by the answer to such question was the lowest given by any of the several witnesses on the subject, and was in itself a low estimate.

Courts are not confined, in their judgment, to a statement in figures of the value of professional services rendered by a lawyer; such matters being peculiarly within the knowledge of courts; when the facts are disclosed, a mere opinion of a witness, though entitled often to much respect, is not by any means controlling.

Appeal by Elston Hunt, William R. Hunt and Arthur H. Hunt, defendants, from a judgment entered in the office of the clerk of Monroe county September 14, 1891, on the report of a referee in an action brought by the plaintiff to recover for professional services rendered by him, as an attorney and counselor at law.

The hypothetical question, the competency of which is discussed at the end of the opinion in this case, was as follows:

Marsenus H. Briggs, sworn for the plaintiff:

"I am an attorney and counselor at law; have been since the fall of '74; practiced in Rochester and know plaintiff, Theodore E. Bramble; I know his standing as a lawyer; his reputation as a lawyer is very good; I knew the proceedings for the condemnation of the water rights of Hemlock lake outlet at the time of it, and of the plaintiff's acting with Mr. Bacon as attorney for the mill owners on Honeoye creek.

"Q. Assuming plaintiff to be a lawyer of good ability and high standing, retained by defendants, with others, the owners of upwards of twenty mills and factories on Honeoye creek, as junior counsel to protect their rights in the proceeding instituted by the city of

Rochester to acquire the right to draw water from Hemlock and Canadice lakes, for public use; that the proceedings began in the early part of the year 1884, and were not terminated until the close of 1885; that there were numerous consultations between the defendants and the plaintiff, and between plaintiff and Mr. Bacon, senior counsel, who lived at Rochester, as to the proper men for appointment as commissioners of appraisal in that proceeding; that plaintiff prepared said case for trial; that in the trial of said case evidence was given on both sides, of a general character affecting the condition of the stream known as Honeoye creek, which evidence was by agreement of counsel made applicable to the cases of all the property owners claiming damages, and that after such general evidence was in, special evidence was given affecting the particular property of each claimant, including these defendants; that in making preparation for the said trial plaintiff examined upwards of thirty witnesses to be sworn upon said trial, in many cases re-examining and cross-examining said witnesses and writing out a trial brief of testimony which would be given by each of said witnesses; that about eighteen or twenty of these witnesses sworn on the trial gave testimony of a general character, affecting all the cases, including defendants, that four of these witnesses sworn gave testimony as to value of defendants' property, and four more were examined by plaintiff on the question of the value of defendants' property, and were not sworn upon the trial; that the said case was well prepared for trial; that plaintiff assisted Mr. Bacon in the trial of said case, and conducted in whole or part the cross-examination of twenty witnesses introduced by the city of Rochester; that ten days were consumed in the taking of evidence before the commissioners and two in the argument; that the plaintiff, during the pendency of said proceeding, was in consultation with Mr. Bacon on some matter concerning the proceeding, on an average of once or twice a week, and that the defendant, William Hunt, consulted with plaintiff, on an average of twice a week, with reference to said litigation, from June, 1883, to September, 1885; that the damages in said proceeding claimed by defendants were about the sum of $19,000, and that the damages actually awarded defendants by the commission were the sum of $8,500; that after the report of the commissioners was made and confirmed, an appeal was taken from

the order of commissioners, and that after said appeal, there were numerous consultations between defendant and the plaintiff, concerning the appeal and matters connected therewith — what, in your judgment, were the services of the plaintiff rendered to these defendants reasonably worth ?

" The defendant objected to the question as incompetent and improper ; it does not fully state the facts of the case as already proved, too general and indefinite.

" Q. You are acquainted with the value of legal services ? A. I don't know as anybody is ; I know the market price of legal services, I think.

" The hypothetical question renewed, the objections renewed, and also that the service referred to in the question was not done or performed for these defendants.

" Objection was overruled and the defendant excepted."

*Edwin Hicks*, for the appellants.

*George F. Slocum*, for the respondent.

MACOMBER, J. :

The plaintiff, between the years 1880 and 1887, rendered professional services, as an attorney and counselor at law, to the defendants, who were copartners in business at Honeoye Falls, N. Y., under the firm name of Hunt Bros., and who were engaged in the manufacture of woolen goods in their mills, situated on the outlet of Hemlock, Canadice and Honeoye lakes. These services to the defendants grew out of the fact that the defendants, with many other mill owners, were interested and were parties to proceedings instituted by the city of Rochester to acquire the right to draw water from Hemlock and Canadice lakes for public use. The defendants were not consequently the sole parties interested in those proceedings. Nor has the learned referee attempted to hold them for any more than a fair proportionate share of the expense for the services of the plaintiff. No question, however, is made in regard to the liability of other persons to counsel. Indeed, we do not see how any question of liability of the defendants, jointly with other millers, could be raised, because a nonjoinder of their associates was not set up in their answer ; and not having been pleaded

is unavailable to them under sections 488, 498 and 499 of the Code of Civil Procedure.

An examination of the testimony convinces us that the allowance made by the referee to the plaintiff, which was the sum of $250, was not excessive, but was rather a conservative. estimate of the value of the plaintiff's actual services to these defendants.

But a somewhat embarrassing question is presented in respect to the mode by which this conclusion was reached by the referee. He says in his opinion that he has adopted, as the proper measure of damages in this case, the sum mentioned by the witness, Beckley, who was called in behalf of the plaintiff. Mr. Beckley was asked : "Q. Mr. Beckley, from what you know of the services of Mr. Bramble to the defendants, Hunt Bros., in this litigation, what you know of his standing as a lawyer, the responsibility of the work, and from your personal knowledge of all the facts in the case, and assuming Mr. Bramble did prepare the trial brief of the evidence in all these cases ; that the Hunt Bros. claim, in round numbers, $19,500, and that they were awarded $8,500, what, in your judgment, were the plaintiff's services to these defendants worth ? " This was objected to as incompetent, and upon the ground that it involved the services performed in nineteen other cases besides that of the defendants, and that the witness was not qualified to answer the question. The objection was overruled, and the defendant excepted. His answer was : " I should put the value of the services, in answer to the question put to me, as about $250, and if Mr. Hunt's case had been tried alone, I should put a much greater value on them."

The referee says in his opinion : " It has seemed to me, therefore, that I may with propriety, rely upon the judgment of Mr. Beckley, who was engaged in the proceedings on the opposite side throughout, and whose opportunities for knowing the value of the services are better than those of one whose only knowledge is derived from the statement of witnesses as to what the services were."

That this question put to Mr. Beckley was incompetent, hardly admits of doubt under the decision of *Carpenter* v. *Blake*, 2 Lans. 206, and *Seymour* v. *Fellows*, 77 N. Y. 180, which follow the well. established rule, that a hypothetical question should be throughout what its name imports, and not a question calling for the personal

judgment of the witness upon facts known to him outside of the question and outside of the testimony.

This would ordinarily lead to a reversal of the judgment and to a new trial. But we find that Mr. Beckley's estimate of the value of the plaintiff's services was the smallest of the three witnesses who were called and gave testimony upon that subject. The witness Briggs estimated them to be worth $350, and the witness Humphrey, $300. It is true that the referee was not bound either by the judgment of the witness Beckley, or by that of the other two witnesses; but his being the lowest estimate of the value of the services, and such estimate, being in our judgment, manifestly small, under the facts, we hardly deem it necessary to grant a new trial upon that ground. The opinion of the referee cannot be resorted to for the purpose of reversing his findings. Such findings show, not Mr. Beckley's estimate, but the referee's judgment upon the whole case of the value of the plaintiff's services.

But it is urged by the learned counsel for the appellant, that the hypothetical question put to the witnesses Briggs and Humphrey was also objectionable. It was, it is true, objected to as incompetent; but on examination, the question shows that it did not contain the vice ascribed to the question put to the witness Beckley, in that it did not call upon these witnesses to take into account their own personal knowledge of the extent and value of the services as actually rendered.

But neither was the learned referee nor is this court, confined in its judgment to a statement in figures, of the value of professional services rendered by a lawyer. Being matters peculiarly within the knowledge of courts, when the facts are disclosed, a mere opinion of a witness, though entitled often to much respect, is not by any means controlling. We think, taking all of the circumstances together, that while the question put to Mr. Beckley was incompetent, no harm has resulted to the defendants by reason of the error, and that consequently we are not compelled to reverse the judgment upon that ground.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment appealed from affirmed.