Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Judgment affirmed, with costs.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH A. THEOBALD, Appellant.

*Crimes — mutilating an animal — hypothetical question — based on a witness' testimony.*

Upon the trial of a person for the torture, mutilation and maiming of a horse, it was undisputed that the tongue of the animal was either pulled out by the defendant or bitten off by the animal while the defendant had hold of it. The defendant had described the position of the tongue of the horse at the time. A veterinary surgeon, called as a witness for the People, was asked, "If the tongue was in the position which defendant testified it was, would it be possible for the horse to bite it off?" Under objection, he answered, "I think it impossible. I do not think that a man can force a horse's tongue back far enough to bite it off with the grinders."

*Held*, that as the question directed the attention of the witness to the testimony of the defendant alone and to a single fact it was competent and was the same, in effect, as if a hypothetical question had been put which assumed the fact.

APPEAL by the defendant, Joseph A. Theobald, from a judgment of the Court of Special Sessions of the city of Watertown, rendered on March 16, 1895, and affirmed by the Court of Sessions of the county of Jefferson on appeal on the 24th day of June, 1895, convicting him of the crime of maiming and maltreating a horse contrary to the provisions of section 655 of the Penal Code.

*Thomas F. Kearns,* for the appellant.

*V. K. Kellogy, District Attorney,* for the respondent.

PER CURIAM :

When we apply our common knowledge and experience to the condition disclosed by the proof in this case, it is somewhat difficult to understand clearly how the injury to the defendant's horse occurred. Yet, when we consider all the evidence, we are unable to say that the defendant's treatment of the horse was not unjustifiable, or that he was not guilty of such torture, mutilation or maiming as to constitute a crime under the provisions of section 655 of the Penal Code. That the animal's tongue was either pulled out by the defendant or bitten off by the animal herself while the defendant had hold of it, is undisputed. If the evidence of some of the witnesses for the prosecution was relied upon, the jury was justified in finding that the defendant tortured, maimed or mutilated the animal, and that he was guilty of the offense charged. Under the circumstances and facts disclosed by the evidence in this case, we are of the opinion that the question of the defendant's guilt was for the jury, and that we should not disturb the decision of the Court of Sessions upon the ground that the evidence was insufficient to sustain the verdict or judgment.

The only other question which we deem it necessary to consider, relates to the admission of evidence. On the trial the People called Dr. John A. Bell as a witness, who, after having testified that he resided in Watertown, was a veterinary surgeon, graduated at the Ontario Veterinary College, had practiced fifteen years, was familiar with the anatomy of the tongue, and had heard the defendant testify, was asked: " If the tongue was in the position which defendant testified it was, would it be possible for the horse to bite it off ? " This was objected to as " incompetent, immaterial and irrelevant ;

reopening case; no evidence that tongue was in position that defendant testified it was, and not proper hypothetical question." The objection was overruled and the witness answered: "I think it impossible. I do not think that a man can force a horse's tongue back far enough to bite it off with the grinders." The inquiry presented by this ruling is whether this question was proper, or whether it should have been an hypothetical one. We think it was proper. It did not call upon the witness to determine the truth of the defendant's evidence, but simply to state whether, if his testimony was true, it was possible for the animal to bite off her tongue. It was based upon the assumed truthfulness of the defendant's own testimony, to which he could not very consistently object. It called for an opinion based upon clearly assumed facts. This ruling was, we think, within the principle of the cases of *McCollum* v. *Seward* (62 N. Y. 316) and *Seymour* v. *Fellows* (77 id. 178).

The case at bar is clearly distinguishable from those cited by the appellant where the rule has been stated which requires that hypothetical questions should be put to expert witnesses. In those cases the witness was required to consider the evidence of various witnesses and to distinguish that which was material from that which was irrelevant. But in this case none of those objections exist. The question directed the attention of the witness to the testimony of a single witness as to a single fact, and was not in effect different from what it would have been if an hypothetical question had been put assuming that fact.

We have examined the other questions raised by the appellant, but have found none that would justify a reversal.

The judgment of conviction should be affirmed, and after the judgment is entered in the judgment book, a certified copy of the entry shall be forthwith remitted to the clerk of Jefferson county, with whom the original judgment roll is filed, in accordance with the provisions of section 547 of the Code of Criminal Procedure.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Judgment of conviction affirmed, and after the judgment is entered in the judgment book, a certified copy of the entry shall be forthwith remitted to the clerk of Jefferson county, with whom the original judgment roll is filed, in accordance with the provisions of section 547 of the Code of Criminal Procedure.