LAUT v. RASINES et al.

(City Court of New York, General Term.  April 27, 1896.)

EVIDENCE—EXPERT TESTIMONY—HYPOTHETICAL QUESTION.

    In action for services as civil engineer, where plaintiff had testified in detail as to the services performed, it was admissible to ask another witness, who had testified that he was a civil engineer, and had heard the testimony as to services, to give an estimate, from what he had heard of the testimony, what such services were reasonably worth, it being, in effect, a hypothetical question, based on a state of facts already shown.

Appeal from special term.

Action by Frank P. Laut against Antonio Rasines and Philip Heipershausen to recover for work done and services rendered as civil engineer.  There was a judgment for plaintiff, and defendants appealed.  Affirmed.

Argued before VAN WYCK, C. J., and FITZSIMONS and McCARTHY, JJ.

Alexander & Ash, for appellants.

George W. Sanford, for respondent.

McCARTHY, J.  This is an action for work, labor, and services as a civil engineer in making surveys, estimates, and performing other services claimed to be worth the sum of $500.  The defense is practically a general denial.  The case was fairly tried, and the evidence properly submitted to the jury, who found in favor of the plaintiff.  The verdict must stand, unless we find some error of law. At the trial the plaintiff testified in detail to the work, labor, and services performed, and their value.  The question of the value of the plaintiff's service was material and important.  One Goodrich was then called for the plaintiff, and, after testifying that he was a civil engineer for over 40 years, and knew the value of civil engineers' services, was asked, among others, these questions:

"Question. You have heard all of the testimony in this suit, have you not? Answer. Most of it.  Q. Can you answer my question now?  Give us an estimate, from what you have heard of the testimony here, what these services were reasonably worth.  (Objected to, as the question should be hypothetical.  Question allowed.  Exception.)"

This was not error.  It relates to a mere matter of form, and not of substance, and the question was, in effect, directing the attention of the witness, who was an expert, to the testimony of one witness on a single subject, and was not other in effect than if the counsel had recited the statements of services rendered by the party, and on that statement asked an opinion of their value.  Seymour v. Fellows, 77 N. Y. 178; McCollum v. Seward, 62 N. Y. 316.  The cases cited by the appellant are good law, and apply to a different class, but do not affect this question.  We find no error, and the judgment must be affirmed, with costs.  All concur.